KATZ   v.   BAKKE et al.

No. 12615.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 10, 1954.

Rehearing Denied March 10, 1954.

Boyle, Wheeler, Gresham & Davis, San Antonio, Alfred N. Steinle, Jourdanton, for appellant.

P. H. Swearingen, L. M. Bickett, San Antonio, for appellees.

POPE, Justice.

Appellant, Sid Katz, brought this suit in trespass to try title, and also for the reformation of a deed. The case was tried before the court, and no findings of fact or conclusions of law were requested.

During 1942, appellant purchased a royalty interest from the Reconstruction Finance Corporation and received a deed which described the property conveyed as, "An undivided one-eighth non-participating interest in all mineral royalties, in, on and under the following described tract or parcel of land, or any part thereof, for a period of fifteen years from May 21, 1937, situated in the County of Atascosa, State of Texas, to-wit: Being 956.21 acres of land, more or less, out of the Charles Simmons 95,000 acre subdivision, to-wit." The deed then described specific farm lots which made up the tract of land. The deed was promptly recorded. Within a year, production was obtained on the tract, and appellant commenced receiving royalty checks, which continued up to 1952. When fifteen years elapsed from May 21, 1937, the producer advised appellant that his term royalty had expired under the terms of the deed. Appellant by this suit urges that it was the intent of both him and the RFC to convey the royalty for the fifteen year term, and also "as long thereafter as oil, gas or other minerals shall be produced in paying quantities from said property, or any part thereof." To so reform the deed on the grounds of mutual mistake is the purpose of this suit.

RFC at the time it conveyed the royalty to appellant, Katz, retained another undivided one-eighth non-participating interest in all mineral royalties in the tract, and on June 5, 1951, executed a conveyance of that interest to the defendant W. E. Bakke, which was promptly recorded. The deed to Bakke contained the clause, "unless oil, gas or other minerals are then being produced in paying quantities from such property, or any part thereof, in which event this reservation shall continue and remain in effect so long thereafter as oil, gas or other minerals are or may be produced in paying quantities from said property * * *." The deed then enlarged its grant by adding:

"It being intended hereby to convey to the Grantee herein all the right, title, interest and estate in and to any and all minerals owned by the undersigned in or under said land hereinabove described, except as to those minerals hereinafter specifically excepted from this conveyance."

The next clause of the deed excepted from the Bakke conveyance, uranium, thorium and other fissionable material. On

**688**

April 1, 1952, Bakke conveyed to T. J. Goad all that he had obtained by his deed from RFC. When the producer, by reason of the expiration of the fifteen year term, ceased paying royalties to the appellant in May of 1952, Goad claimed the reversionary interest by reason of RFC's having conveyed to Bakke "all the right, title, interest and estate in and to any and all minerals owned by the undersigned in or under said land hereinabove described," excepting certain named minerals.

RFC, a defendant, candidly answered that it intended to convey the property as Katz contended, and that it did not intend to convey the reversionary interest to Bakke. The other defendants, Bakke and Goad, urged that the recorded deeds are clear and unambiguous, that the legal effect of such instruments is determined solely from the instruments themselves, rather than surrounding facts and circumstances, and that they are innocent purchasers for value and without notice. Those defenses were sustained by the trial court, which rulings are assigned as error.

■ Appellant does not and can not make any contention that the 1942 deed to Katz on its face is ambiguous or doubtful in its meaning. Whoever can read can understand that it is a term royalty, which expired in fifteen years from a stated date. If it possessed any existence beyond that date, it must be found outside the deed. Where did appellant go in search of that matter outside of the deed? He went to the private correspondence between RFC and a Mr. Vanderweide, who is neither in the title nor in this suit, correspondence that was exchanged more than eight years after RFC conveyed to Katz. Whatever the 1950 RFC correspondence may have reflected, it could not raise an ambiguity in the clear and exact 1942 deed, which to be understood needed only to be read. Appellant never read his deed until after he ceased receiving royalty checks.

■ Nor is the 1951 deed to Bakke ambiguous. There is no repugnance between the blanket granting clause and the particular granting clause. The blanket clause broadens and enlarges upon the particular. An attorney examining an abstract for Bakke or Goad could see and understand at once that the term royalty to Katz would revert fifteen years after May 21, 1937; and would understand that a deed which thereafter expressly conveyed "any and all minerals" owned by RFC "in or under said land," describing such lands, would include that reversionary interest. Holloway's Unknown Heirs v. Whatley, 133 Tex. 608, 131 S.W.2d 89; Sun Oil Co. v. Burns, 125 Tex. 549, 84 S.W.2d 442; Sun Oil Co. v. Bennett, 125 Tex. 540, 84 S.W.2d 447; Gulf Production Co. v. Spear, 125 Tex. 530, 84 S.W.2d 452.

To defeat the clear words of the 1951 Bakke deed, appellant offered several letters exchanged between RFC and Bakke during the negotiations for the property. The trial court admitted the letters over objection. No findings and conclusions were filed, but whether the court considered the correspondence or disregarded it, the court reached the correct judgment. If the court treated the deeds as clear and free of ambiguity, merging all prior negotiations, the court was correct. Sunderman v. Roberts, Tex.Civ.App., 213 S.W.2d 705; Baker v. Baker, Tex.Civ.App., 207 S.W.2d 244, 245; Eldora Oil Co. v. Thompson, Tex.Com.App., 244 S.W. 505; Buie v. Miller, Tex.Civ. App., 216 S.W. 630; Browne v. Gorman, Tex.Civ.App., 208 S.W. 385. If, however, the court gave full consideration and effect to the prior negotiations and correspondence, it would prove that there was an offer, a counter-offer by RFC, and an acceptance by Bakke. In its counter-offer RFC stated that it would require certain stated additional terms and conditions in the deed, and among them was a "conveyance to be made by mineral deed in form and substance satisfactory to our Agency Counsel * *." That counter-offer was accepted by W. E. Bakke. Thereafter, in complete accord with that additional RFC requirement, the deed from RFC to Bakke was prepared and bore the notation thereon: "Form and Substance Approved," and was then signed by the RFC attorney. Although the original

letters between RFC and Bakke during 1950, may not have expressly mentioned a reversionary interest, the later addition of the blanket descriptive clause in the deed would support an inference by the trial court, that RFC in 1951 intended to enlarge upon the original negotiations and to convey Bakke the reversionary interest. Bakke had no notice of any mistake in the former deed.

The judgment is affirmed.