ACCEPTED
06-14-00100-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
10/16/2015 4:18:59 PM
DEBBIE AUTREY
CLERK

NO. 06-14-00100-CV

IN THE COURT OF APPEALS
FOR THE SIXTH DISTRICT OF TEXAS

RECEIVED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
10/16/2015 4:18:59 PM
DEBBIE AUTREY
Clerk

MARK MUELLER
Appellant

v.

JAMES H. DAVIS, INDIVIDUALLY AND D/B/A JD MINERALS
AND JDMI, LLC
Appellees

Appeal from the 71st Judicial District Court
Of Harrison County, Texas
Cause No. 11-0858
The Honorable Brad Morin Presiding

APPELLEES' SUR–REPLY BRIEF

Douglas D. McLallen, Sr.
State Bar No. 00788025
Anderson, Lehrman, Barre,
   and Maraist LLP
Gaslight Square
1001 Third St, Suite 1
Corpus Christi, TX 78404
Telephone:  361-884-4981
Facsimile:   361-884-2822
Email:  dmclallen@albmlaw.com

Marshall C. Wood
State Bar No. 00797690
Norton & Wood, LLP
315 Main Street
Post Office Box 1808
Texarkana, Texas 75504
Telephone: (903) 823-1321
Facsimile:  (903) 823-1325
Email:  marshall@nortonandwood.com

ATTORNEYS FOR APPELLEES

# TABLE OF CONTENTS

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF THE REPLY ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . 2

REPLY ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    I.      Appellant Mueller has no standing to assert fraud and/or statute of frauds defenses to enforcement of the 1991 deeds - Appellant's Briefs are silent on this issue. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        A.      Appellant has waived this issue by failing to address his lack of standing to assert fraud claims pursuant to Tex. R. App. P. 38.1.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        B.      Appellant's argument regarding the "font size" of various granting clauses is a fraud claim which Appellant has no standing to make.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        C.      Appellant has failed to address his lack of standing to assert statute of frauds defenses and has therefore waived any statute of frauds defenses pursuant to Tex. R. App. P. 38.1. . . . . . . . . 8

        D.      Appellant Improperly Invokes the "tainted by fraud" language of *Hooks v. Samson Lone Star, Limited Partnership – Hooks* is a limitations case which does not address the adequacy of a property description. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    II.     There is no showing the deeds are Ambiguous. . . . . . . . . . . . . . . . 11

        A.      Appellant continues to ignore the established law holding blanket property conveyances unambiguous. . . . . . . . . . . . . . 11

B.     Appellant's pleadings do not support his
ambiguity argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

C.     Appellant's application of rules of construction
is erroneous.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

D.     Appellant has failed to identify repugnance or conflict between
county-wide conveyances and specific conveyances (separate
granting language). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

E.     The use of "survey wide" conveyances in the deeds is not
challenged or addressed by Appellant and is therefore waived
pursuant to Tex. R. App. P. 38.1. . . . . . . . . . . . . . . . . . . . 21

III.    The general, county-wide conveyance is not a "catch all" or "Mother
Hubbard" clause. The general, county-wide conveyance contains
separate granting/"words of conveyance" language clearly expressing
the intent of Grantors. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

IV.    Appellees' Motion for Sanctions is well founded. . . . . . . . . . . . . . 25

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

# TABLE OF AUTHORITIES

<u>**Cases**</u>

*Abarca v. Scott Morgan Residential, Inc.*, 305 S.W.3d 110
(Tex. App. – Houston [1st Dist] 2009, rev. denied). . . . . . . . . . . . . . . . . . . . . . 30

*Americana Motel, Inc. v. Johnson*, 610 S.W.2d 143 (Tex.1980). . . . . . . . . . . . . . . . 29

*Bridges v. Robinson*. 20 S.W.3d 104 (Tex. App. – Houston [14th Dist.] 2000). . 31

*Coe v. Chesapeake Exploration, L.L.C.*, 695 F.3d 311
(5th Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14, 24

*Colvin v. Colvin*, 291 S.W.3d 508 (Tex. App. – Tyler 2009, no pet.). . . . . . . . . . . 30

*Dolcefino v. Randolph*, 19 S.W.3d 906
(Tex. App. – Houston [14th Dist], pet. denied). . . . . . . . . . . . . . . . . . . . . . . . . 29

*Fredonia State Bank v. General American Life Ins. Co*, 881 S.W.2d 279, 284-85
(Tex. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*General Serv. Comm'n v. Little Tex. Insul Co.*, 39 S.W.3d 591 (Tex. 2001). . . . . 19

*Graff v. Berry*, 06-07-00058-CV, 2008 WL 704310
(Tex. App.—Texarkana Mar. 18, 2008, pet. denied). . . . . . . . . . . . . . . . . . . . . 31

*Harlan v. Vetter*, 732 S.W.2d 390
(Tex. App. – Eastland 1987, writ ref'd n.r.e.). . . . . . . . . . . . . . . . . . . . . . . . . 22

*Holloway's Unknown Heirs v. Whatley*, 104 S.W.2d 646
(Tex. Civ. App. – Beaumont 1937) *aff'd*, 137 Tex 608 (1939). . . . . . . . . . 14, 24

*Hooks v. Samson Lone Star, Limited Partnership*
457 S.W.3d 52 (Tex. 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 9, 10

*In re Estate of Taylor*, 305 S.W.3d 829

(Tex. App. –Texarkana 2010, no pet.). . . . . . . . . . . . . . . . . . . . . 12, 20, 22, 23

*J. Hiram Moore, Ltd. v. Greer*, 172 S.W.3d 609 (Tex. 2005). . . . . . . . . . . . . . . 23

*Jones v. Colle*, 727 S.W.2d 262 (Tex. 1987). . . . . . . . . . . . . . . . . . . 23,24

*Katz v. Bakke*, 265 S.W.2d 686
(Tex. Civ. App.—San Antonio 1954, writ ref'd). . . . . . . . . . . . . . . . . . . . . . 21, 24

*Lee v. Aurora Loan Services, L.L.C.,* 06-08-00077-CV, 2009 WL 167067
(Tex. App.—Texarkana Jan. 27, 2009, no pet.). . . . . . . . . . . . . . . . . . . . . . . . 31

*Lewis v. E. Tex. Fin. Co.*, 136 Tex. 149, 146 S.W.2d 977 (1941). . . . . . . . . . . . 18

*Luckel v. White*, 819 S.W.2d 459 (Tex. 1991). . . . . . . . . . . . . . . . . . . . . . 16, 17

*McKellen v. Cervantes*, 367 S.W.3d 478
(Tex. App. – Texarkana 2012, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Madera Prod. Co. v. Atlantic Richfield Co.,* 107 S.W.3d 652
(Tex. App. - Texarkana 2003, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Martinez v. El Paso County,* 218 S.W.3d 841
(Tex. App. – El Paso 2007, pet. struck). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*May v. Buck*, 375 S.W.3d 568 (Tex. App.—Dallas 2012, no pet.). . . . . . . . . . . . 12

*Moore Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934(Tex. 1972). . . . . . 9

*Morrow v. Shotwell*, 477 S.W.2d 538 (Tex. 1972). . . . . . . . . . . . . . 8, 12, 16, 21, 30

*Prairie Producing Co. v. Schlacter,* 786 S.W.2d 409
(Tex. App. – Texarkana 1990, writ denied). . . . . . . . . . . . . . . . . . . . . . 18, 29

*Ragsdale v. Mays*, 65 Tex. 255 (1886). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Ross v. St. Luke's Hosp.*, 462 S.W.3d 496 (Tex. 2015). . . . . . . . . . . . . . . . . . . . 2

*Sanderson v. Sanderson*, 130 Tex. 264, 109 S.W.2d 744 (Comm'n App. 1937,
    opinion adopted). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Smith v. Allison*, 157 Tex. 220, 301 S.W.2d 608(1956). . . . . . . . . . . . . . . . . 23, 24

*Sun Oil Co. v. Bennett*, 125 Tex. 540, 84 S.W.2d 447 (Comm'n App. 1935). . . . 25

*Sun Oil Co. v. Burns*, 125 Tex. 549, 551, 84 S.W.2d 442, 443
    (Tex. Comm'n App. 1935). . . . . . . . . . . . . . . . . . . 15, 16, 17, 21, 22, 24, 25, 27

*Superior Oil Co. v. Stanolind Oil & Gas Co,*150 Tex. 317, 240 S.W.2d 281, 285
    (Tex. 1951). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Swate v. Crook*, 991 S.W.2d 450
    (Tex. App.—Houston [1st Dist.] 1999, pet. denied). . . . . . . . . . . . . . . . . . 32

*Texas Builders v. Keller*, 928 S.W.2d 479 (Tex. 1996). . . . . . . . . . . . . . . . . . 12

*Texas Consolidated Oils v. Bartels*, 270 S.W.2d 708
    (Tex. Civ. App. – Eastland 1954, writ ref'd). . . . . . . . . . . . . . . . . . 11, 13, 22

*U.S. Enterprises, Inc. v. Dauley,* 535 S.W.2d 623 (Tex. 1976). . . . . . . . . . . . 13, 22

*Wheeler v. Sec. State Bank, N.A.*, 159 S.W.3d 754
    (Tex. App.—Texarkana 2005, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

**Statutes**

Tex. Prop. Code §5.151. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Tex. Prop. Code §13.002. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 13

Tex. R. App. P. 38.1. . . . . . . . . . . . . . . . . . . 2, 3, 5, 6, 7, 11, 12, 19, 22, 23

Tex. R. App. P. 45. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25, 26

Tex. R. Evid. 404(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 28

Tex. R. Evid. 406.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 28

Tex. R. Evid. 801(e). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 28

**Secondary Sources**

4 Tex. Prac., Land Titles and Examination §15.36 (3d ed.). . . . . . . . . . . . . . . . . . 31

**ISSUES PRESENTED**

I.    Appellant Mueller has no standing to assert fraud and/or statute of frauds defenses to enforcement of the 1991 deeds - Appellant's Briefs are silent on this issue.

        A.    Appellant has waived this issue by failing to address his lack of standing to assert fraud claims pursuant to Tex. R. App. P. 38.1.

        B.    Appellant's argument regarding the "font size" of various granting clauses is a fraud claim which Appellant has no standing to make.

        C.    Appellant has failed to address his lack of standing to assert statute of frauds defenses and has therefore waived any statute of frauds defenses pursuant to Tex. R. App. P. 38.

        D.    Appellant Improperly Invokes the "tainted by fraud" language of *Hooks v. Samson Lone Star, Limited Partnership – Hooks* is a limitations case which does not address the adequacy of a property description.

II.    There is no showing the deeds are Ambiguous.

        A.    Appellant continues to ignore the established law holding blanket property conveyances unambiguous.

        B.    Appellant's pleadings do not support his ambiguity argument.

        C.    Appellant's application of rules of construction is erroneous.

        D.    Appellant has failed to identify repugnance or conflict between county-wide conveyances and specific conveyances (separate granting language).

        E.    The use of "survey wide" conveyances in the deeds is not challenged or addressed by Appellant and is therefore waived

pursuant to Tex. R. App. P. 38.1.

III.    The general, county-wide conveyance is not a "catch all" or "Mother Hubbard" clause. The general, county-wide conveyance contains separate granting/"words of conveyance" language clearly expressing the intent of Grantors.

V.    Appellees' Motion for Sanctions is well founded.

## SUMMARY OF THE REPLY ARGUMENT

1.    **Waiver of Standing Issues:** Neither of Appellant's Briefs address the lack of Appellant's standing to challenge the deeds at issue based on fraud grounds or as violative of the statute of frauds.[1] The standing issue is a threshold issue which Appellant has waived by failing to set forth in his Briefs, "a succinct, clear, and accurate statement of the arguments made in the body of the brief. . . with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(h)(i)[2]. This Court can dispose of the substance of this appeal on Appellant's lack of standing alone. Appellant's lack of standing as to each issue (fraud and statute of frauds defenses to Appellees' 1991 deeds) was properly raised both in Appellees' Motions for Summary Judgment (CR 408, 1037-1040) and Reply Brief.[3] (AeeB 47-49).

2.    Appellant's Reply Brief continues to argue and raise issues contrary to long

---

[1] *See* (AeeB 47-48, ¶ 98).

[2] *See also Ross v. St. Luke's Hosp.*, 462 S.W.3d 496, 500 (Tex. 2015).

[3] Appellees' Reply Brief is referred to as "AeeB" for citation purposes.

established principals of Texas real property law without submitting a legitimate argument, with citation to authorities and the record, for those rules of law to be changed or attempting to distinguish the facts of this case from the issues these established principals of law address. Appellant's latest filing[4] only compounds the harm suffered by Appellees as a result of Appellant's baseless filings in this Court. Moreover, Appellant continues to argue, without addressing the standing issue raised by Appellees, that he may challenge the two 1991 deeds based on the vague allegation that his predecessors in interest were the victims of fraud[5]. Appellant improperly invokes Hooks (*Hooks v. Samson Lone Star, Limited Partnership* (457 S.W.3d 52 (Tex. 2015)) which is a statute of limitations case, the holding of which has no bearing on this Court's review of the trial court's summary judgment as it relates to the adequacy of the property descriptions in each deed. Appellant has waived the standing issue because he failed to cite any relevant counter-legal authority or present any substantive analysis of the issue of standing to bring fraud claims or to raise statute of frauds issues as a third party to the deeds. Tex. R. App. P. 38.1.

3.      Appellant's improper attempt to *create* improper ambiguity in the 1991 Deeds

---

[4]Appellant's Reply Brief And Response to Motion For Sanctions or "ARB" for citation purposes.

[5]In fact, Appellant simply ignores the standing issues raised by Appellees.  (AeeB 47-49).

through all manner of parol and hearsay evidence by improperly invoking *Hooks* is a transparent attempt to distract the Court from a proper four-corners analysis of the unambiguous 1991 deeds which contain valid survey-wide and county-wide conveyances. Proper citation to actual authority supporting ambiguity(and, as a result, the relevance of parol *as to the location of the property*) is wholly lacking in Appellant's Briefs.

4.     Appellant ignores the numerous authorities which hold where a specific description is enlarged by a general description, the conveyance is not ambiguous as a matter of law where there is no repugnance. Rather than argue the law addressing the issues of standing, the lack of repugnance in granting clauses, or the validity of blanket conveyances, Appellant's Briefs are simply exercises in contorting the law (see analysis of *Hooks* in ¶3*, supra*) to justify listing, *ad nauseam*, character and habit "evidence" through purported evidence of other alleged "bad acts.[6]"

5.     Despite the filing of two briefs and numerous responses and motions in the trial court, Appellant has yet to identify any repugnance or inconsistency between the specific property descriptions and the general county-wide descriptions in each deed

---

[6]Appellant invokes Tex. R. Evid. 404(b), 406 and 801(e), arguing the trial court improperly refused to consider parol evidence, including character evidence under 404(b). (AB 9, 22, 24-25; ARB 7-14). Appellant's proffered parol evidence serves no purpose other than to attempt to create bias against Appellees.

which would render said descriptions ambiguous and violative of the statute of frauds. Moreover, Appellant's briefs continue to fail to address Appellees' numerous authorities sanctioning blanket property descriptions in general as well as authorities holding that a general grant will expand a specific grant absent a "repugnance".

6. Appellant's arguments that the Mother Hubbard clause and the general granting clause are the same clause is wholly unsupported by authority and ignores the fact that the county-wide language contains its own granting language, separate and apart from the Mother Hubbard clause. Appellant's failure to cite to relevant authority on this point or to provide any meaningful discussion beyond unsupported, declarative statements constitutes waiver of any argument on the point. Tex R. App. P. 38.1. Appellant likewise waives his argument regarding the adequacy of the specific grants in each deed by failing to offer any reply beyond unsupported declarative statements. (AB 18-19; ARB 5).

7. Appellant characterizes Appellees' motion for sanctions as "a smoke screen to deflect this busy court from the legitimate issues that were earnestly presented by Appellant." Appellees set out specifically the deficiencies in Appellant's briefing in Appellee's Reply Brief (AeeB 63-64, 66-68). Rather than address the clear deficiencies by citing counter authority or attempting to distinguish the numerous authorities cited by Appellees, Appellant chooses to double down on its inadequate,

unsupported and conclusory briefing.

## REPLY ARGUMENT

I.   **APPELLANT HAS NO STANDING TO ASSERT FRAUD AND/OR STATUTE OF FRAUDS DEFENSES TO ENFORCE THE 1991 DEEDS - APPELLANT'S BRIEFS ARE SILENT ON THIS ISSUE.**

A.   **Appellant has failed to address his lack of standing to assert fraud claims, as raised by Appellees' Reply Brief, which constitutes waiver.**

8.     Appellant fails to explain how his vague allegation of fraud by Appellees against Appellant's predecessors in interest is relevant to any issue before this Court. Appellees' Reply Brief sets out authorities which establish that Appellant has no standing to assert claims of fraud, undue influence or lack of consideration against Appellees because he is not in privity of deed with Appellees. (AeeB 47-49). In fact, neither of Appellant's Briefs ever uses the word "standing", much less address it. By failing to make a succinct, clear, and accurate statement (or any statement at all) of the arguments in the body of the brief with appropriate citations to authorities the Appellant waives the issue. *See* Tex. R. App. P. 38.1(h)(i).

9.     Accordingly, any argument by Appellant as to fraud affecting the enforceability of the Deeds or limitations tolling by fraudulent concealment or the "discovery rule" is irrelevant to the Court's inquiry because Appellant has no standing to assert a fraud claim against Appellees.

10.     Appellees properly raised the issue of Appellant's lack of standing to assert fraud based claims both in the trial court and in their Reply Brief. *See* (CR 408, 1037-1040; AeeB 47-49).

11.     Because Appellant has waived any arguments as to standing to assert fraud, the parol evidence as to Appellees' character or habit is relevant to no issue before the Court.  The trial court properly disregarded such parol evidence and did not commit error by granting summary judgment in favor of Appellees on all Appellant's claims.

**B.     Appellant's argument regarding the "font size" of various granting clauses is a fraud claim which Appellant has no standing to make.**

12.     Appellant's "font size" argument is yet another flavor of fraud which Appellant has no standing to assert. First, Appellant, a professional landman, admits that he used the same county-wide blanket conveyances when purchasing mineral interests. (AeeB p 29, p. 30, fn 17, p 37, fn 19, citing CR 1255-1256, CR 1257-1261and CR 1262-1264).   "In a civil case, the court will accept as true the facts stated unless another party contradicts them." Tex. R. App. P. 38.1(g).  Second, the deeds used by Appellant before 1999, like the 1991 deeds at issue, contained county-wide conveyance language in the same font size as the rest of the document.  (AeeB 11, citing CR 1832-1833; CR 1255-1256, CR 1257-1261and CR 1262-1264).  This is not a coincidence.  The Texas Legislature did not pass legislation that prescribed specific

disclosure notices, including font size, when soliciting the sale of mineral interests by mail until 1999. (AeeB 11, citing Tex. Prop. Code §5.151). Appellant has yet to explain why county-wide conveyances with font consistent with the rest of the conveyance are unlawful prior to the enactment of §5.151.

13.    Appellant's "font size" argument in this regard is really a fraud argument on behalf of the original Grantors, which Appellant has no standing to raise. *See* ¶¶ 8-11, *supra*.

**C.    Appellant has failed to address his lack of standing to assert statute of frauds defenses**.

14.    Appellant's "Issue No. 1" States that the conveyances from Mills and Cope are **void** as a matter of law because they do not satisfy the statute of frauds. (AB 7)[7] Appellant cites to *Morrow v. Shotwell,* 477 S.W.2d 538 (Tex. 1972) and other cases for the proposition that an agreement that violates the statute of frauds is void. Nowhere in the *Morrow* is this proposition stated. The Court has stated the rule correctly - that a contract that fails to comply with the Statute of Frauds is *voidable* not void, especially as to a stranger to the transaction. *Madera Production Co. v. Altantic Richfield Co.,* 107 S.W.3d 652, 662-663 (Tex. Civ. App.– Texarkana 2003, review denied in part, dismissed in part). (AeeB 48). In *Madera*, this Court cites a

[7]Appellant incorrectly states that a contract violative of the statute of frauds is "void" rather that "voidable" throughout Appellant's Opening Brief as follows: , P. 7-12.

long line of Texas cases supporting this fundamental rule and goes on to note, "In any event, as a stranger to the [Agreement], Madera would not have standing to challenge the agreement on the statute of frauds ground" *Id.* Appellant is such a stranger not in privity with Appellees and therefore with no standing to raise statute of frauds issues to challenge Appellees' deeds[8].

15.    Appellees properly raised Appellant's lack of standing to challenge the 1991 deeds at issue both in the trial court (CR 407-408) and in this Court (AeeB 47-49).

**D.    Appellant Improperly Invokes the "Tainted by Fraud" Language of *Hooks*, which is a limitations case.**

16.    Continuing to ignore his lack of standing, Appellant improperly invokes *Hooks*. 457 S.W.3d at 59. *Hooks* addresses the issue of the delay of the accrual of a cause of action under the discovery rule or fraudulent concealment. The issues addressed in Hooks is whether a mineral owner satisfies his duty of due diligence to examine information readily available in the public record to toll limitations where fraudulent documents are filed with the Railroad Commission. Hooks, 457 S.W.3d at 59-60. Appellant misstates and misuses the holding of *Hooks* by arguing that the

---

[8]But, *c.f. Moore Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 938-39 (Tex. 1972) ( In limited circumstances, a purchaser of land whose grantor has previously made a contract to sell to another may, in a suit by that other person, assert the defenses the grantor had, including the statute of frauds). Appellees submits the use of this defense is not applicable to Appellant, in that his Grantors, Mills and Cope, did not enter a *contract* to sell the mineral interests at issue, but rather they executed conveyances.

deeds are "tainted by fraud"[9] and listing irrelevant parol evidence which Appellant

alleges proves "fraud". (ARB 6-14). In this case, there is no issue of fraudulent filing

or fraudulent Railroad Commission filings because only the original Grantors (CR

1826-1827 and CR 1828-1829), not Appellant, had standing to assert a fraud claim.

Even if Appellant had such a claim (he does not), *Hooks*, a limitations/discovery rule

case, does not apply to the facts of this case.

17.     The issue before the Court is simply the construction of the two unambiguous

deeds signed by each Grantor and filed in 1991 in the real property records of

Harrison County, Texas. ***Hooks* confirmed previous Texas Supreme Court cases**

**holding that land title records create an *irrebutable presumption* of actual notice.**

With actual notice, there can be no delay of accrual. *Hooks*, 457 S.W3d at 59. *Hooks*

cites with approval all of the limitations cases previously cited in Appellees' Reply

Brief holding causes of action accrue upon filing in the public record.[10]  (AeeB 61-

62).

18.     Appellant's *Hooks* analysis next meanders off the topic of limitations into a

general argument that the deeds at issue were "not only tainted by fraud they were

_____

    [9](ARB iii ("Issue No. 2"); ARB 6).

    [10]Appellees do not address limitations at length in this reply because Appellant makes no
discernable argument with regard to statutes of limitations issues raised by Appellees.  *See* (AB 6
and ARB 6-14).

immersed by deception by the Appellee." (ARB 7). Even if Appellant had standing, Appellant had actual notice of the county-wide conveyances pursuant to Texas Property Code §13.002, *See Texas Consolidated Oils, v. Bartels*, 270 S.W.2d 708, 712 (Tex. Civ. App. – Eastland 1954, writ ref'd)(blanket conveyances filed of record is notice to subsequent purchasers of the land.).

## II. THERE IS NO SHOWING THE DEEDS ARE AMBIGUOUS

**A.      Appellant continues to ignore the established law holding blanket property conveyances unambiguous.**

19.      Appellant continues to argue that county-wide or blanket property conveyances are *per se* violative of the statute of frauds because they do not **"contain a metes and bounds description, and does [sic] not contain a volume and page reference to a prior document that was filed in the County Clerk's office of Harrison County, Texas."** (ARB 3) (emphasis supplied). Appellant persists in this argument without the support of any authority or good faith argument for changing the existing law or distinguishing the facts of this case. Appellant's contention in this regard is contrary to all existing Texas authority. (AeeB 15-25). Appellant has waived this issue because Appellant's Briefs do not satisfy Tex. R. App. P. 38.1(i) in that he does not make a clear and concise argument for the contention made with appropriate citations to authorities and the record. Appellant simply makes conclusory statements, such as

the one cited above, regarding blanket property descriptions, unsupported by citation to controlling authority. The requirements of Texas Rule of Appellate Procedure 38.1(i) are not met by "uttering, brief, conclusory statements unsupported by legal citations." *In re Estate of Taylor*, 305 S.W.3d 829, 836 (Tex. App. –Texarkana 2010, no pet.). Appellant's failure to cite legal authority or to provide substantive analysis of the legal issues relating to blanket property descriptions results in waiver of his complaints. *Id.; see also Martinez v. El Paso County,* 218 S.W.3d 841, 844 (Tex. App. – El Paso 2007, pet. struck).

20. Appellant asserts a **writing must contain a "metes and bounds" property description to be enforceable.** This is incorrect, a conveyance must furnish the data to identify the property with reasonable certainty. *May v. Buck*, 375 S.W.3d 568, 574 (Tex. App. – Dallas 2012, no pet.)(*citing Texas Builders v. Keller*, 928 S.W.2d 479, 481 (Tex. 1996))(*citing Morrow,* 477 S.W.2d at 539). Here, the specific property descriptions and the general granting clauses of a county-wide deed furnish the data to identify the property of Grantors with reasonable certainty.

21. Appellant has provided no counter-authority to the cases cited by Appellees stating that where a Grantor conveys all of his interest in a defined geographic area, the description is, "...sufficient to reasonably identify and to have conveyed the land, and **constituted notice to subsequent purchaser's of the land under the**

**...statutory provision**." *Texas Consolidated Oils v. Bartels*, 270 S.W.2d at 712(emphasis supplied); *Coe v. Chesapeake Exploration, L.L.C.*, 695 F.3d 311(5th Cir. 2012)*.* The property description in *Consolidated Oils* contained no metes and bounds description or reference to a prior filed document. *Id.* at 711. The Texas Supreme Court has expressly recognized the *Consolidated Oils* fact pattern, wherein a conveyance's description describes all grantor's interests in the State or a named county, but not metes and bounds or reference to a previously filed document contained in the property records as an *exception* to the requirement that a property description specifically identify the location of a property using a beginning point, boundary lines metes and bounds and the like. *U.S. Enterprises, Inc. v. Dauley* 535 S.W.2d 623, 628 (Tex. 1976) (emphasis supplied). *Consolidated Oils* is particularly applicable to the case at bar in that Appellant is a "subsequent purchaser" who is charged with notice of the blanket conveyance because the deeds were filed in the public records in 1991. *Consolidated Oils,* 270 S.W.2d at 712, *citing* Revised St.1925, arts. 6631, 6646[11]. Under *Consolidated Oils*, Appellant took his subsequent deeds from Grantors with knowledge of the blanket, county-wide conveyances[12].

---

[11]Revised St.1925, arts. 6631, 6646 are the predecessors to Tex. Prop. Code Section 13.002.

[12]As set forth in Appellees' Reply Brief, Appellant is very familiar with county-wide property conveyances, being a professional landman who uses them himself. (AeeB 11, citing CR 1832-1833; CR 1255-1256, CR 1257-1261and CR 1262-1264).

22.    Among the other cases unchallenged by Appellant holding blanket grants are an *exception* to the specific property description requirement is *Holloway's Unknown Heirs v. Whatley*, 104 S.W.2d 646, 648 (Tex. Civ. App. – Beaumont 1937) *aff'd*, 137 Tex 608, 131 S.W.2d 89 (1939)(Deed containing specific property description **and also generally describing any other land owned by Grantor in county sufficient to convey several mineral interests not specifically described**).  The *Holloway's* case is on point with the facts of this case.  Grantors granted property with specific property descriptions then used the general language of all land owned by each Grantor in Harrison County, Texas.  (CR 1826-29).

23.    Courts also hold that a conveyance of all grantor's property in a defined geographic area *satisfies* the statute of frauds, rather than being an exception thereto, because it provides an adequate "nucleus of description" of the property to satisfy the statute of frauds.  *Coe v. Chesapeake,* 695 F.3d, 318-19 (applying Texas law) *citing Sanderson v. Sanderson,* 130 Tex. 264, 109 S.W.2d 744, 747 (1937) (holding that "[t]he description of the [property to be conveyed] as all lots now owned by Mrs. Kepton in Knox City is sufficient, for it leads to the certain identification of the property"); *Ragsdale v. Mays,* 65 Tex. 255, at *1 (1885) (description was adequate where it identified the property to be conveyed as "[m]y interest in my lands in Lavaca county and also that in Uvalde County").

24.    That blanket property descriptions are adequate under the statute of frauds in the State of Texas is beyond dispute, and Appellant has cited no authority to the contrary or distinguished the case law.  Appellant's continued argument in this regard frivolous.

**B.    Appellant's pleadings do not support the ambiguity argument**

25.    As discussed in Appellees' trial court filings (CR 2015-2020) and in Appellees' Brief (AeeB 2), Appellant's *only* pleading in the trial court addressing ambiguity is Appellant's conclusory statement that the blanket property descriptions at issue "created an ambiguity as to the property description."  (CR 2095, section IV).  As demonstrated in Appellees' Brief and in ¶¶ 19-24*, supra*, county-wide/blanket property descriptions such as those in the 1991 deeds at issue are unambiguous and satisfy the requirements to the statute of frauds as a matter of law.  (AeeB 23-25 citing *Sun Oil v. Burns,* 84 S.W.2d 442, 443 (Tex. Comm'n App. 1935) (similar blanket property descriptions deemed unambiguous in that it "is not fairly susceptible to more than one interpretation").  *Id[13]*.  Accordingly, because no valid ambiguity was plead or raised, it is appropriate to ignore parol evidence proffered by Appellant and interpret the language of the deeds from within their "four corners" in favor of

---

[13]The *Sun Oil v. Burns* case is the *only* precedent of the nineteen (19) cases supporting the deeds' blanket conveyances that Appellant addressed in his Briefs, and Appellant misunderstood or misrepresented the holding therein.

Appellees as a matter of law. *See Luckel v. White*, 819 S.W.2d 459, 461 (Tex. 1991)(The primary duty of a court when construing an unambiguous deed is to ascertain the intent of the parties from all of the language in the deed by a fundamental rule of construction known as the "four corners" rule.).

**C.    Appellant's application of rules of construction is erroneous**

26.    When construing an unambiguous deed, the only rule of construction relied on by the Court to ascertain the intent of the parties is the language in the deed, is the fundamental rule of construction known as the "four corners" rule. *Luckel*, 819 S.W.2d at 461.  The *Morrow* case cited by Appellant confirms that: "evidence of [the parties'] understanding or intent was not admissible" to aid in interpretation of deeds. *Morrow*, 477 S.W.2d at 540.  Despite this clear prohibition, Appellant attempts to offer the "intent" of Grantors via affidavits.  Each grantor has a financial interest in the outcome of this appeal as each has sued Appellees in Cause No. 14-0808 in the 71st Judicial District of Harrison County, Texas.

27.    Appellant's proposed "words appearing earlier in a contract generally have preference" rule of construction has no application in the context of mineral conveyances. *See Sun Oil v. Burns,* 125 Tex. at 552. ("The strictness of ancient rules for construing deeds like instruments has been relaxed, and it is now well settled that **all parts of the instrument will be given effect when possible**, and the intention of

the parties will be gathered from the whole *without reference to matters of mere form*, *relative position of descriptions*, technicalities or arbitrary rules.")(emphasis supplied)(internal citations omitted).

28.     A court's  primary obligation is to determine the parties' intent **as expressed within the four corners of the deed**. *Luckel,* 819 S.W.2d at 461. In seeking to ascertain the parties' intent, this Court must attempt to harmonize all parts of a deed, even if different parts of the deed appear contradictory or inconsistent. *Id.* at 462.

29.     Where the intent to convey all property owned by Grantor in a defined geographic location is clear from the language of the instrument, as is the case here, the usual rules of construction are not to be used because the intent is expressed clearly in the deeds.  *Garcia v. Garcia*, 04-05-00538-CV, 2006 WL 1684742, at *3 (Tex. App.—San Antonio June 21, 2006, pet. denied), *citing Sun Oil v. Burns*, 84 S.W.2d 445-56.

30.     The "documents" to which Appellant refers (and recites verbatim at length in his briefs) constitute inadmissible parol evidence, including rank hearsay and the mere unsworn allegations of unrelated third parties.  Appellant's attempt to create an ambiguity in this manner is improper.  *See Lewis v. E. Tex. Fin. Co.*, 136 Tex. 149, 146 S.W.2d 977, 980 (1941) (extrinsic evidence is not admissible to *create* an ambiguity in an unambiguous instrument); *Prairie Producing Co. v. Schlacter,* 786

S.W.2d 409, 413 (Tex. App. – Texarkana 1990, writ denied)*, citing Superior Oil Co. v. Stanolind Oil & Gas Co,*150 Tex. 317, 240 S.W.2d 281, 285 (Tex. 1951) *.* In a rare moment of candor, Appellant's pleadings admit he is attempting to create an ambiguity with parol evidence. "This ["all inclusive language"] created an ambiguity as to the proper description, in that there have been **other transactions between other persons and/or companies** and Virginia Rose Mitchell Cope and James H. Mills". (CR 2095). This pleading admits Appellant's *only* argument for ambiguity is supported only by parol, which is improper. *See Lewis*, 136 Tex. at 154. That Appellant resorts to speculating as to how third parties may have interpreted the deed exemplifies the weakness of his position[14]. The Court need only look to the language of the deeds, which are unambiguous on their face. Appellant's motive in setting forth the contents of inadmissible parol evidence at length within the body of his briefs is transparent. Appellant's briefs in this regard are an attempt to generally paint Appellees as bad actors and to prejudice Appellees in the eyes of this Court.

31.    Because it is pellucidly clear that the deeds are unambiguous on their face under the authorities cited by Appellees, Appellant has chosen to ignore the cases

---

[14](ARB 14).

cited by the Appellees[15] and attempts to create ambiguity by collateral parol documents which include unrelated matters and claims, hearsay and mere unsworn and unproven allegations (ARB 7-14).

32.     Appellant's failure to brief the primary issue raised by Appellant on Appeal (the adequacy of the two 1991 deeds' property descriptions under the statute of frauds and the lack of any repugnance therein) effects a waiver of the issue on appeal. *See* Tex. R. App. P. 38.1(h)(i); *General Serv. Comm'n v. Little Tex. Insul Co.*, 39 S.W.3d 591, 598, n.1 (Tex. 2001); *Fredonia State Bank v. General American Life Ins. Co*, 881 S.W.2d 279, 284-85 (Tex. 1994). Texas Rule of Appellate Procedure 38.1(h) requires both citation to authority and a substantive analysis in regard to an issue. Failure to either cite authority or advance substantive analysis waives the issue on appeal. Appellant's Briefs are limited to arguments based on generalized statements and "analysis" without substantive relationship to specific legal theories and elements of those theories. The requirements of Texas Rule of Appellate Procedure 38.1(i) are not met by "uttering brief, conclusory statements unsupported by legal citations." *In re Estate of Taylor*, 305 S.W.3d at 836. Appellant makes such unsupported statements through his briefs. Accordingly, this Court should not consider said

---

[15]*See* (AeeB, fn. 10). Appellant references only one of the nineteen cases cited by Appellees holding blanket property descriptions unambiguous and satisfying the statute of frauds. *See* fn 13, *supra.*

unsupported arguments or discussions advanced by Appellant.

**D.   Appellant has failed to identify repugnance between county-wide and specific conveyances**

33.    Appellees have addressed the issue of "repugnance" in three trial court pleadings, in Appellees' Reply Brief (CR 1015-1104; CR 1796-1851; CR. 2041-2063 and AeeB 41-46) and provided citations to authorities showing of lack of repugnance between the deeds' two granting clauses renders the property descriptions unambiguous.  (AeeB 35-47).

34.    Appellant has failed to answer the simple question of how the specific granting clauses conflict with the county-wide granting clauses in each deed.  Despite filing two briefs, Appellant has yet to identify one inconsistency (or "repugnance") between the general and the specific granting clauses.  Appellant makes no coherent argument for repugnance.

35.    Appellant has failed to address the numerous authorities set out by Appellees demonstrating that a blanket, county-wide conveyance enlarges a specific property description absent repugnance between the two.  (AeeB 28-32;40-47).  Because Appellant has not (and cannot) identify any repugnance between the granting clauses, the deeds are unambiguous in that they are subject to only one reasonable interpretation as a matter of law.  *See Sun Oil v Burns*, 84 S.W.2d at 446 and *Katz v.*

*Bakke*, 265 S.W.2d 686, 688 (Tex.Civ.App. – San Antonio 1954, writ ref'd)("There is no repugnance between the blanket granting clause and the particular granting clause. The blanket clause broadens and enlarges upon the particular."); *see also Garcia*, 2006 WL 1684742 at *2-3.

**E.  Specific survey wide granting clause conveyed grantors' interests in specific surveys**

36.    Appellant provides no authority or analysis regarding the validity of the specific survey-wide grants in the deeds.  *See* (AeeB 16-33).  In fact, Appellant blindly speculates, on the one hand, without citation to authority or references to legal principles, that Appellant's predecessors in interest, "could have interpreted the specific survey description clause took [sic] precedence over the county-wide granting clause." (ARB 3).  This assertion is contrary to Appellant's own case law which states that "evidence of [the parties'] understanding or intent was not admissible." *Morrow*, 477 S.W.2d at 540.  On the other hand, Appellant argues, "the specific granting clause does not convey any interest." (ARB 5).  Appellant resorts to mere speculation as to how third parties may have interpreted the deeds.  Appellant cites to no authorities or even general legal doctrines or principals when making such arguments.  The failure by Appellant to advance a "clear and concise argument for the contentions made, with appropriate citations to authorities and the record", waives

such assertions in relation to the specific property description. Tex. R. App. P. 38.1(i). "Bare assertions of error, without argument or authority, waive error." *McKellen v. Cervantes*, 367 S.W.3d 478, 484 n5 (Tex. App. – Texarkana 2012, no pet.). Uttering brief, conclusory statements unsupported by legal citations constitutes waiver of the point under Tex. R. App. P. 38.1. *In re Estate of Taylor*, 305 S.W.3d at 836. To the extent an argument can be discerned regarding the validity of the specific granting clauses, it is undisputed that survey or unit wide grants satisfy the state of frauds. *Sun Oil Co. v. Burns*, 125 Tex. 549, 84 S.W.2d 442 (Comm'n App. 1935, opinion adopted); *U.S. Enterprises, Inc. v. Dauley* 535 S.W.2d at 628*; Harlan v. Vetter*, 732 S.W.2d 390, 394 (Tex. App. – Eastland 1987, writ ref'd n.r.e.) (quoting *Texas Consolidated Oils v. Bartels*, 270 S.W.2d 708.

**III. THE GENERAL, COUNTY-WIDE CONVEYANCE IS NOT A "CATCH ALL" OR "MOTHER HUBBARD" CLAUSE. THE GENERAL CONVEYANCE CONTAINS SEPARATE "WORDS OF CONVEYANCE" CLEARLY EXPRESSING THE INTENT OF GRANTORS**

37. Appellant's Reply Brief persists in asserting that the blanket property description is really part of the Mother Hubbard clause simply because they are contained in the same paragraph. (ARB 4-5). Appellant cites no authority for this

novel conclusion.[16]  Moreover, this unsupported conclusion rests on the assumption that a general grant can never include more than small strips adjacent to the specifically described property. (ARB 14).  As stated by Justice Hecht in the *J. Hiram Moore, Ltd. v. Greer* case cited by Appellant, the heart of Appellant's argument has been rejected by the Texas Supreme Court:

> Greer argues that *general grants* can never include more than small strips adjacent specifically described property, or unsophisticated, perhaps careless, grantors will be duped out of property they never intended to convey. We have squarely rejected Greer's argument in two cases, and the argument is at least inconsistent with three others.

172 S.W.3d 609, 615 (Tex. 2005) (concurring)(emphasis supplied).

38.     Justice Hecht went on to confirm that, "*[s]ituations in which general grants cannot be given effect have not arisen frequently*."  *Id.* at 616.   The flaw in Appellant's analysis is that cases stating Mother Hubbard clauses cannot convey large bodies of land are limited to conveyances which do not otherwise describe the said large tracts.  *See Jones v. Colle*,727 S.W.2d 262, 263 (Tex. 1987). (The court, citing *Smith v. Allison*, stated ". . . the Court held that a Mother Hubbard clause would only serve to cover property **not described in the deed** when that other property consists

---

[16]An appellant must provide such a discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue; this is not done by merely uttering brief conclusory statements, unsupported by legal citations. Tex. R. App. P. 38.1(i); *In re Estate of Taylor*, 305 S.W.3d at 836 .

of small unleased pieces of strips. . ..").  Here, because the property is described in the deeds by the county-wide conveyances, the question of whether said properties are conveyed under the Mother Hubbard or habendum clause is not at issue.  (AeeB 16-26).  *See also Coe,* 695 F.3d at 318  (Countywide conveyance constitutes sufficient "nucleus of description" to satisfy the statute of frauds).  Moreover, the county-wide grant contains its own granting language conveying all Grantor's interest in the county separate and apart from the Mother Hubbard clause  language.  (CR 1826-27 and CR 1828-29).

39.    The county-wide conveyances state "Grantor hereby conveys to Grantee all of the mineral, royalty, and overriding royalty interest owned by Grantor in Harrison County, whether or not same is herein above described correctly". (CR 1826-27 and CR 1828-29).  This language is clear and unequivocal and directly expresses the Grantors' intent to convey all of the mineral interests "owned by Grantor" in the county.  This general granting clause is nearly identical to the general granting clause at issue in *Garcia*, 2006 WL 1684742, *1.  The *Garcia* court held that:

> The construct of the deed in this case is governed by a line of cases that discuss the effect of a general granting clause that broadens a specific granting clause.  *See, e.g. Holloway's Unknown Heirs v. Whatley*, 133 Tex. 608, 131 S.W.2d 89 (Tex. 1939); *Sun Oil Co.v. Burns*, 235 Tex. 549, 84 S.W.2d 442 (Tex. 1935); *Katz v. Bakke*, 265 S.W.2d 686 (Tex. Civ. App. – San Antonio 1954, writ ref'd).  Each of these cases is instructive.

*Garcia*, 2006 WL 1684742, *2. The clear intent as expressed in each deed is that Grantor "hereby conveys to Grantee" the mineral interests owned by Grantor in the county. (CR 1826-27 and CR 1828-29).

40. Where the intention is that a general grant is intended, the general grant enlarges the specific grant and the usual rules of construction are not applied. *Garcia, Id*. at *3, *citing Sun Oil v. Burns*, 84 S.W.2d at 444, 446-47. The deeds contain a Mother Hubbard clause separate and apart from the county-wide conveyance. Moreover, the Mother Hubbard clauses are meant to convey small strips of land bordering the described tract or tracts. *See Sun Oil v. Bennett*, 125 Tex. 540, 84 S.W.2d 447, 452 (Tex. 1935). Appellant's argument in this regard (AB 12-16) is simply misplaced. There are no issues of small strips of adjacent lands or vacancies in surveys in this case. Rather, the general granting clause clearly expresses within each deed the intent to "hereby convey" all the mineral interests owned by Grantor in the County. (CR 1826-27 and CR 1828-29).

## IV. APPELLEES' MOTION FOR SANCTIONS IS WELL FOUNDED

41. Appellant fails to substantially respond to Appellants Motion for Sanctions under Tex.R.App.P. 45. The basis of Appellees' motion, the Appellant's failure to even discuss or attempt to distinguish the nineteen cases holding blanket property description satisfy the statute of frauds, remains unaddressed by Appellant. If

Appellant believes that the cases in support of the county-wide blanket conveyances do not apply to the deeds at issue, or that Appellees have improperly invoked said authorities, Appellant has an obligation to address the authorities cited by Appellees. Alternatively, Appellant has an obligation to distinguish the deeds at issue on their particular language. Appellant has done neither, and therefore has not filed a meaningful response to Appellees' motion for sanctions and has filed a frivolous appeal.

## 1. TURNING A BLIND EYE TO CONTRARY AUTHORITY.

42. Showing conscious indifference to settled rules of law—i.e., turning a "blind eye" to established law—is one factor to consider in deciding whether to award Rule 45 damages. *See Brandt v. West.*, 892 S.W.2d 56, 79 (Tex. App.—Houston [1st Dist.] 1994 writ denied). In *Brandt*, the court found that on several points, the appellants had turned a "blind eye" in that they did not discuss existing law that defeated some of their contentions, and had not argued that those rules of law should be changed. *Id. Brandt* holds that if a party discusses existing law adverse to its position and raises a legitimate argument to change that law, then damages for a frivolous appeal should not be awarded. *Id.* Appellant does not address well established case law on county-wide conveyances, and does not argue that the adverse law should be changed.

43. Appellant's failures to address the authorities confirming the validity of blanket

property descriptions with the statute of frauds and failure to address Appellant's lack of standing to assert fraud as a third party to the deeds or attack the deeds on fraud or statute of frauds grounds constitutes "turning a blind eye".

44.     Other numerous instances of Appellant turning a blind eye to controlling authorities, both those cited by Appellee and those adverse *points within* the cases cited by Appellant are set out at length in Appellees' Reply Brief.  (AeeB 43-47, 60-61).  Other examples of Appellant's blind eye approach are set forth in Paragraphs 45 through 49.

45.     Appellant cites to *Sun Oil v. Burns* in his opening brief on page 13.  Appellant turns a blind eye to the actual holding of the case, which recognizes as valid blanket grant which expands a grant of particularly described property.  *Sun Oil v. Burns*, 84 S.W.2d at 446.  While it is expected that counsel will zealously argue his client's position by attempting to distinguish or argue the nuances of a particular case, a line is crossed when dicta is plucked out of a case whose central holding, which Appellant ignores, supports the opposing counsel's argument.  This is improper and Appellees should not have to pay the undersigned to point out such omissions to this Court.

46.     In addition, Appellant has failed to address the case law providing that where there are several granting clauses, the general granting clause expands the specific granting clause, absent a repugnance.  Appellant has still failed to undertake any

meaningful discussion of the lack of repugnance or conflict between the granting clauses (or identify any repugnance).

47. Rather than address the issue of whether the deeds contain adequate property descriptions as a matter of law, Appellant improperly attempts to invoke character, habit and purported party admission parol evidence under Rules of Evidence 404(b), 406 and 801(e)(2). (AB 9, 22 and 24). Nowhere does Appellant cite authority or tell this Court why character or habit evidence could ever be relevant where the issue is simply whether the intent of the parties, as expressed in the instruments, provides an adequate nucleus of description to identify the property under the statue of frauds. On the contrary, Appellant is quite brazen in setting forth the improper purpose for setting forth such irrelevant parol evidence at length. Appellant states that the parol evidence at issue is relevant because, "the trial court improperly refused to consider Appellant's prior bad acts". (AB 9), failing to acknowledge the trial court followed the well established principals of law.

48. Even after being alerted to the allegations of frivolity asserted in Appellees' Reply Brief, Appellant has failed and refused to address authorities raised by Appellees. Moreover, Appellant's reply continues his pattern of misleading characterization of case law and unsupported declarative statements without citation to authority.

## Inadmissable Parol and Hearsay

49.     Appellant continues to improperly attempt to create a fact issue with inadmissible parol.   Subsequent transactions between the parties, including documents evidencing attempts to purchase the interests are not probative of the construction of deeds.  Such evidence cannot create a fact issue as to what was actually conveyed.  Such evidence was easily explained as errors by employees attempting to purchase interests already owned by Appellees.  (CR 464).  To the extent such evidence is considered, it does not constitute an "admission" by the Appellees that is any way controlling as to what was actually conveyed. *See Prairie Producing Co.*,786 S.W.2d at 413.  In addition Appellant continues to argue that hearsay statements in letters and pleadings should have been considered by the trial court.  (ARB 6-10).  Pleadings, even if sworn, are never competent summary judgment evidence. *Wheeler v. Sec. State Bank, N.A.*, 159 S.W.3d 754, 757 (Tex. App.—Texarkana 2005, no pet.) *citing Americana Motel, Inc. v. Johnson*, 610 S.W.2d 143 (Tex.1980). Hearsay is not competent summary judgment evidence which could have been considered by the trial court. *Dolcefino v. Randolph*, 19 S.W.3d 906, 927 (Tex. App. – Houston [14th Dist], pet. denied).  Appellees timely objected to the use of such inadmissible parol and hearsay in the trial court. (CR 1035-26; CR 1040-1050).

**2. APPELLANT'S MISREPRESENTATION OF AND CASE LAW AND "TURNING A BIND EYE" TO AUTHORITIES**

50.     To determine whether an appeal is frivolous, the Appellate Court looks at the record from the viewpoint of the advocate and decides whether there are reasonable grounds for the advocate to believe the case could be reversed. *Abarca v. Scott Morgan Residential, Inc.*, 305 S.W.3d 110 (Tex. App. – Houston [1st Dist] 2009, rev. denied); *Colvin v. Colvin*, 291 S.W.3d 508 (Tex. App. – Tyler 2009, no pet.). Looking from the Appellant's viewpoint, the record of Appellees motions for summary judgment and evidence attached thereto should have alerted Appellant to the 120 years of Texas law that validates county-wide conveyances. In addition, Appellant's own use of county-wide conveyances and admission that they can be enforceable is telling. (CR. 1079; CR 1255, CR 1259, CR 1263, CR 1811-12, CR 1818, CR 1822, and 1833-35). Appellant cites case law that supports Appellees and even admits that the proper analysis is not intent of the parties, but a reading of the four-corners of the conveyance. *See Morrow*, 477 S.W.2d at 539. ("a writing need not contain a metes and bounds description to be enforceable"); *see also Tex. Builders,* 928 S.W.2d at 481(A metes-and-bounds description is not required to satisfy the statute of frauds.); *Graff v. Berry*, 06-07-00058-CV, 2008 WL 704310, at *5 (Tex. App.—Texarkana Mar. 18, 2008, pet. denied) (the law does not require the

judgment to contain a metes and bounds description); *Lee v. Aurora Loan Services, L.L.C.,* 06-08-00077-CV, 2009 WL 167067, at *2 (Tex. App.—Texarkana Jan. 27, 2009, no pet.) (A writing need not contain a metes and bounds property description to be enforceable.); *see* 4 Tex. Prac., Land Titles and Examination §15.36 (3d ed.)(validity of blanket description of land).

51.     Finding Appellant's filings frivolous appeal is not unlike the finding in *Bridges v. Robinson*. 20 S.W.3d 104 (Tex. App. – Houston [14th Dist.] 2000), disapproved of by *Telthorster v. Tennell*, 92 S.W.3d 457 (Tex. 2002) on other grounds.  In *Bridges*, the court ruled that the appeal of the denial of summary judgment was objectively frivolous, warranting sanctions, in light of well-established case law refuting each of appellant's grounds. Appellant has ignored well-established case law refuting his argument that a  metes and bounds description (and/or a volume and page reference to a previously filed document containing same) is necessary in order to adequately describe real property.  (AB 8-11, ARB 3).  Appellant turns a blind eye to well-established cases holding county-wide deeds have been held valid without a metes and bounds description by the numerous authorities cited by Appellees.  *See* ¶¶20-21*, supra*.  Appellant's continued argument in this regard constitutes the presentation of his "distorted version of the law." *Swate v. Crook*, 991 S.W.2d 450, 456 (Tex. App.—Houston [1st Dist.] 1999, pet. denied).

52. Despite being confronted with the authorities counter to Appellant's assertion in this regard (AeeB¶¶ 42-57), Appellant continues to present the demonstrably false assertion that a metes and bounds description is required under the statute of frauds. (ARB 3).

53. By turning a blind eye to relevant authorities on the fundamental issues before the Court, and by setting out verbatim irrelevant parol "character" and "habit" evidence when the issue is the adequacy of property descriptions in deeds, it is Appellant who wastes this Court's time and the undersigneds clients' money by proceeding in such a fashion.

54. Appellant's presentation of the issues to this Court is anything but "earnest". An earnest presentation of the issues would address the authorities raised in the trial court and on appeal and present cogent counter-authorities or attempt to distinguish the facts of this case. Not only does Appellant fail to meet this minimum standard, he compounds the harm by advancing such arguments in his reply brief after they have been refuted by citation to relevant authority by Appellees.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Appellees respectfully requests this Court to uphold the trial court's Order granting Appellees' summary judgment against Appellant. Appellees further request this Court find that after considering the

record, the briefs and other papers filed, Appellant filed a frivolous appeal and Appellees are entitle to "just damages" in the amount of $25,999.74. Appellees also asks the Court for any other relief to which they may be justly entitled.

Respectfully submitted,

**ANDERSON, LEHRMAN, BARRE & MARAIST, L.L.P.**
Gaslight Square
1001 Third Street, Suite 1
Corpus Christi, Texas 78404
Telephone: (361) 884-4981
Telecopier: (361) 883-4079
Email: dmclallen@albmlaw.com

By: /s/ *Douglas D. McLallen*
Douglas D. McLallen
State Bar No. 00788025

**Marshall C. Wood**
State Bar No. 00797690
Norton & Wood, LLP
315 Main Street
Post Office Box 1808
Texarkana, Texas 75504
Telephone: (903) 823-1321
Facsimile: (903) 823-1325
Email: marshall@nortonandwood.com

Attorneys for Appellees

## CERTIFICATE OF COMPLIANCE

I hereby certify that the word count of Appellees' Sur-Reply Brief is 7,201 words as counted by the word processing software used by Appellees.

/s/ *Douglas D. McLallen*
Douglas D. McLallen

## CERTIFICATE OF SERVICE

I certify that on October 16, 2015, a true and correct copy of Appellees' Sur-Reply Brief was served on counsel of record as indicated below.

Mr. Bob Whitehurst                          *Via Electronic Delivery: whitehurstlawfirm@yahoo.com*
Whitehurst & Whitehurst
Attorneys at Law
5380 Old Bullard Road, Suite 600, #363
Tyler, Texas 75703

/s/ *Douglas D. McLallen*
Douglas D. McLallen