

## In The
## Court of Appeals
## Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00050-CV

_____


IN RE:   ESTATE OF MARGERY WANDA TAYLOR, DECEASED


On Appeal from the County Court at Law No. 2
Gregg County, Texas
Trial Court No. 2006-0232-P


Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

O P I N I O N

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is an appeal by Johnnie Mae Riley of the denial of her petition for bill of review December 11, 2008. Her bill of review sought to overturn a judgment rendered against her January 30, 2007, after a jury trial regarding a contested will, of which Riley was the proponent.

Following the filing of Riley's petition for bill of review, Ladonna Gale Suber Thigpen, Phyllis Ann Meadors, and Harold Judson Suber[1] filed a motion for summary judgment February 3, 2009, and on that same date, the trial court entered an order setting a hearing on the motion for summary judgment for March 13, 2009.[2] Also on that day, Riley filed a motion to recuse the court and on March 3, 2009, Riley filed an amendment of her recusal motion. The trial court, declining recusal, referred the motion to the presiding administrative judge and an order was entered March 16, 2009, denying the recusal motion. On the same day the motion to recuse was denied, a new order to reset the hearing on motion for summary judgment was filed, resetting the hearing to March 27, 2009. The judgment reflects that the summary judgment hearing actually took place March 30, 2009.[3] Riley was not present at the summary judgment hearing March 30,

---

[1]To whom collective reference is hereinafter made in the singular as "Thigpen."

[2]The summary judgment hearing was previously scheduled to be heard on February 26, 2009.

[3]The remarks of the trial court at the summary judgment hearing indicate that both the hearing date of March 27, 2009, and the hearing date of March 30, 2009, were agreed to by Riley. There is no evidence of this agreement in the clerk's record, and no written order rescheduling the summary judgment hearing to March 30, 2009.

2

2009, and no motion for continuance was filed on her behalf. Riley filed a response to the summary judgment motion after the hearing April 16, 2009.

The trial court entered a summary judgment[4] April 17, 2009, in favor of Thigpen, denying Riley's petition for bill of review.[5] The summary judgment, in an unusual twist, in addition to denying the petition for bill of review, set out certain observations and findings.[6] Thereafter, on

---

[4]Riley represented herself at all stages of the proceedings, from the jury trial through this appeal.

[5]Previously, Riley's motion for new trial was denied as untimely. On July 18, 2007, the Twelfth Court of Appeals issued a Memorandum Opinion dismissing Riley's appeal for lack of jurisdiction for the reason that the notice of appeal was not timely filed.

[6]Those findings are:

> 1) Johnnie Mae Riley sought to admit to probate an oral rendition of the purported lost holographic will of Margery Wanda Taylor, which was contested by Thigpen, Meadors, and Suber; 2) jury trial commenced on January 30, 2007; 3) Johnnie Mae Riley appeared pro se and announced ready for trial; 4) the jury rendered a verdict for Thigpen, Meadors, and Suber, and the court entered a judgment denying the will to probate and finding that Taylor died intestate and that Thigpen, Meadors, and Suber were her only heirs; 5) Johnnie Mae Riley filed a motion for new trial February 28, 2007, which was denied April 27, 2007; 6) Riley filed a notice of appeal March 2, 2007, more than ninety days after the entry of the judgment; 7) on June 27, 2007, the Texarkana Court of Appeals issued a notice of intent to dismiss Riley's appeal for lack of jurisdiction; 8) on July 18, 2007, the Texarkana Court of Appeals issued a Memorandum Opinion and a Judgment dismissing Riley's appeal for lack of jurisdiction for the reason that the Notice of Appeal was not timely filed; 9) Riley failed to pursue with due diligence all legal remedies available to her as to the judgment dated January 30, 2007; 10) Respondents are entitled, as a matter of law, to a summary judgment denying the bill of review filed by Riley as to the judgment entered in this cause January 30, 2007.

We note that some of the documents referenced in the findings of the trial court do not appear in the record before this Court. There are, however, certain documents attached to the affidavit of Vincent L. Dulweber in support of the motion for summary judgment as to the bill of review. These documents include 1) notice of intent to dismiss issued by the Twelfth Court of Appeals on June 26, 2007, in cause number12-07-00232-CV; 2) a Memorandum Opinion per curiam issued by the Twelfth Court of Appeals July 18, 2007, in cause number 12-07-00232-CV; and 3) a Judgment issued by the Twelfth Court of Appeals July 18, 2007, in cause number 12-07-00232-CV. These documents are incorrectly referenced in the Dulweber affidavit and in the summary judgment findings as having been issued by the Texarkana Court of Appeals.

May 28, 2009, Riley filed a motion for new trial.[7]  Hearing on the motion was set for June 17, 2009.  The order setting this hearing was mailed to Riley by Connie Wade, Gregg County Clerk, on June 15, 2009.  Riley indicates that she failed to receive the notice of the hearing until after 5:00 p.m. on June 17, 2009, and, thus, did not appear.  On June 22, 2009, an order denying Riley's motion for new trial was entered.[8]

Riley then filed a motion to vacate the order denying motion for new trial, this motion being set for hearing August 5, 2009.[9]  On August 17, 2009, an order denying the motion to vacate was entered, based upon the lack of plenary power in the trial court, and on the secondary basis that even if the motion for new trial had been timely filed, the grounds alleged were insufficient to warrant the grant of a new trial.  Essentially, Riley appeals from the entry of the summary judgment.  Riley asserts a number of additional appellate points, as listed below.

## II.    ISSUES ON APPEAL

Riley maintains that actions of the trial court were in error in the following respects:

    1)    the trial court erred by granting a summary judgment against Riley;

---

[7]In her motion for new trial, Riley indicates that she traveled from Houston, Texas, to Longview for the purpose of attending the hearing, but due to previous injuries and a worsening of her condition, Riley was unable to attend the hearing March 30, 2009.  Riley also claimed, in her motion for new trial, the unconstitutionality of Rule 166a of the Texas Rules of Civil Procedure (TEX. R. CIV. P. 166a) on the basis that no oral testimony is permitted, and the presentation of certain exhibits is prohibited.

[8]The denial of the motion for new trial was made on the basis that said motion was untimely filed (summary judgment having been entered April 17, 2009).

[9]The motion to vacate the order denying the motion for new trial was based upon the fact that Riley did not have notice of the June 17, 2009, hearing on her motion for new trial.  The relief requested was a new trial.

4

2)    the trial court erred in failing to grant a new trial because Riley did not receive notice of the hearing date and time until after the hearing had taken place;

3)    the trial court erred in failing to rule that Riley timely filed her motion for new trial by mailing the motion via United States mail on the day it was due;

4)    the trial court erred in failing to rule that Riley's motion to vacate order denying motion for new trial was not an amended motion for new trial;

5)    the auxiliary judicial district judge erred in failing to rule that the reasons presented in Riley's motion to recuse were sufficient to be granted;

6)    the trial court erred in failing to rule that Riley timely filed a motion for rehearing on the motion to recuse;

7)    the trial court erred in failing to rule that the Texas Rules of Civil Procedure allow a review on appeal, but not for a mandamus, of a motion to recuse does not preclude a motion for rehearing filed in the trial court to be considered by the Texas auxiliary judicial district judge;

8)    the Texas Rules of Civil Procedure requirement of only written motions for continuance is a violation of due process of the Fourteenth Amendment to the Constitution of the United States of America and the Bill of Rights to the Constitution of the State of Texas. Riley was thereby deprived of her constitutional rights of due process and equal protection of the law under both Constitutions because of an emergency situation;

9)    the Texas Rules of Civil Procedure allowing summary judgment procedures without the agreement of the opposing party is a violation of due process and equal protection of the laws under the Constitution of the United States of America and the Bill of Rights of the Constitution of the State of Texas. Riley was deprived of her constitutional rights to due process and equal protection of the laws including the right of a jury trial under the United States Constitution and the Texas Constitution;

10)    since the Fourteenth Court of Appeals issued an opinion that they did not have jurisdiction because the motion for new trial following the judgment to the contest was not timely filed, there had been no appeal and the petition for bill of review was properly filed; and

11)    the trial court erred in ordering that no evidence pertaining to the will could be

5

presented to the jury during a contest of an application to probate the will when that was what the trial was about.

## III.    ANALYSIS OF POINTS OF ERROR

### A.    *The Trial Court Did Not Err in Granting Summary Judgment*

The standard for reviewing a summary judgment under Rule 166a(c) of the Texas Rules of Civil Procedure[10] is whether the moving party carried its burden of showing that there is no genuine issue of material fact and that judgment should be granted as a matter of law. *Shah v. Moss*, 67 S.W.3d 836, 842 (Tex. 2001); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991). Further, a defendant "who conclusively negates at least one of the essential elements of each of the plaintiff's causes of action or who conclusively establishes all of the elements of an affirmative defense is entitled to summary judgment." *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995) (per curiam). In reviewing a trial court's summary judgment, we resolve all doubts against the movant, and we view the evidence in the light most favorable to the nonmovants. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005); *KPMG Peat Marwick v. Harrison County Housing Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999).

The question before the trial court was whether Riley had shown that she was entitled to an equitable bill of review. A bill of review is an independent action to set aside a judgment (in this case, the summary judgment) that is no longer appealable or subject to challenge by a motion for new trial. *Wembley Inv. Co. v. Herrea*, 11 S.W.3d 924, 926–27 (Tex. 1999). The elements

---

[10]TEX. R. CIV. P. 166a(c).

6

necessary to establish entitlement to an equitable bill of review are well established under Texas law. Due diligence must be exercised in pursuing all adequate legal remedies against a former judgment, and through no fault of his own, the party must have been prevented from making a meritorious claim or defense by the fraud, accident, or wrongful act of the opposing party. *Id.* at 927; *see also Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004). If legal remedies were available but ignored, then relief by equitable bill of review is not available. *Wembley*, 11 S.W.3d at 927. The requirement that a party diligently pursue its legal remedies is distinct from the discrete elements necessary to establish entitlement to a bill of review. *Perdue v. Patten Corp.*, 142 S.W.3d 596, 606 (Tex. App.—Austin 2004, no pet.).

The summary judgment recites the fact that Riley was not present at the hearing and did not file a response to the motion for summary judgment. As this Court explained in *Rivera v. White*, 234 S.W.3d 802 (Tex. App.—Texarkana 2007, no pet.), the party moving for traditional summary judgment carries the burden to establish that no material fact issue exists and that it is entitled to judgment as a matter of law, thus "the nonmovant has no burden to respond to a summary judgment motion unless the movant conclusively establishes its cause of action or defense." *Id.* at 807 n.3 (quoting *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000); *see also Rhône-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999) ("'The trial court may not grant summary judgment by default' for failure to file a response to a motion for summary judgment 'when the movant's summary judgment proof is legally insufficient.'"); *Rizkallah v.*

7

*Conner*, 952 S.W.2d 580, 582 (Tex. App.—Houston [1st Dist.] 1997, no pet.) ("holding that lack of response by nonmovant does not supply by default the summary judgment proof necessary to establish the movant's right to summary judgment' and that nonmovant 'is limited on appeal to arguing the legal sufficiency of the grounds presented by movant'") (citing *McConnell v. Southside Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993))). Because a motion for summary judgment must stand on its own merits (i.e., it can only be granted if it meets the qualifications for the grant of summary judgment), the fact that Riley did not appear at the hearing or timely file a summary judgment response is not outcome determinative.

Thigpen contends that summary judgment was appropriately granted because Riley failed to diligently pursue her legal remedies, and, having failed to do so, was not entitled to a bill of review. The summary judgment evidence before the trial court established that Riley did not timely pursue an appeal of the judgment entered January 30, 2007, based on the pleadings before the trial court.[11] The memorandum opinion of the Twelfth Court of Appeals indicates that although Riley's motion for a new trial was due to have been filed on or before March 1, 2007, in accordance with Rule 329b(a) of the Texas Rules of Civil Procedure,[12] she did not file it until March 2, 2007. It had not been mailed by United States Postal Service mail but, rather, was sent

---

[11]Those pleadings include: 1) application to probate will; 2) contest; 3) final judgment entered January 30, 2007; 4) motion for new trial filed by Riley February 28, 2007; 5) order denying motion for new trial entered April 27, 2007; 6) notice of appeal filed by Riley March 2, 2007; 7) affidavit of Dulweber; 8) notice of intent to dismiss issued by the Twelfth Court of Appeals June 26, 2007; 9) Memorandum Opinion per curiam issued by the Twelfth Court of Appeals July 18, 2007; and 10) judgment issued by the Twelfth Court of Appeals July 18, 2007.

[12]TEX. R. CIV. P. 329b(a).

via Federal Express courier. The Twelfth Court of Appeals determined that:

> If a document is sent to the proper clerk by first class United States mail in a properly addressed, stamped envelope and is deposited in the mail on or before the last day for filing, the document is deemed timely filed if it is received by the clerk "not more than ten days tardily." TEX. R. CIV. P. 5. However, this rule does not apply when the motion for new trial is delivered by Federal Express rather than the United States Postal Service. *See Ackal v. Blockbuster, Inc.*, 08-02-00268-CV, 2002 WL 31151434, at *1 (Tex. App.—El Paso 2002, pet. denied) (not designated for publication); *Carpenter v. Town & Country Bank*, 806 S.W.2d 959, 960 (Tex. App.—Eastland 1991, writ denied). Because Appellant's motion for new trial was not received by the trial court clerk on or before March 1, 2007, the motion was untimely.

It is fundamentally important that judgments be accorded finality. A bill of review seeking to set aside an otherwise final judgment is therefore scrutinized by Texas courts "with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted." *Montgomery v. Kennedy*, 669 S.W.2d 309, 312 (Tex. 1984); *Thompson v. Henderson*, 45 S.W.3d 283, 287 (Tex. App.—Dallas 2001, pet. denied). Here, Riley was entitled, after an adverse judgment, to pursue the legal remedy of appeal. The exercise of due diligence in the pursuit of all available legal remedies is a prerequisite to entitlement to an equitable bill of review. *Wembley*, 11 S.W.3d at 926–27. Said another way, a party who fails to timely avail itself of available legal remedies is not entitled to relief by bill of review. *Tice v. City of Pasadena*, 767 S.W.2d 700, 702 (Tex. 1989) (orig. proceeding). Here, the evidence in the record establishes that Riley failed to timely avail herself of the legal remedy of pursing an appeal of the judgment of the trial court. Because Riley failed to timely pursue her appeal of the trial court's judgment, she was

9

required to show good cause for her failure to do so in order to be entitled to relief by a bill of review. *Garza v. Atty. Gen. of Tex.*, 166 S.W.3d 799, 818 (Tex. App.—Corpus Christi 2005, no pet.). The record before the trial court at the summary judgment hearing did not include evidence of such good cause. Accordingly, we conclude that Thigpen carried her burden of showing that there was no genuine issue of material fact which would preclude her from recovering summary judgment. The trial court correctly entered summary judgment in her favor as a matter of law.

        B.        *The Trial Court Did Not Err in Failing to Grant a New Trial*

Riley contends that she was entitled to notice of the hearing date for the motion for new trial as a matter of due process of law. *LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390 (Tex. 1989). Riley is correct in her contention that once a party makes an appearance in a cause, that party is entitled to notice of a trial setting as a matter of due process under the Fourteenth Amendment to the Federal Constitution. Riley incorporates by reference the exhibits attached to her second motion to extend time to file her brief in this Court. Those exhibits, as discussed above, indicate that the hearing on Riley's motion for new trial was set for June 17, 2009, and that notice of said hearing was not received by Riley until that very date. Riley was thus unable to appear at the hearing. This concludes Riley's argument.

To the extent Riley is complaining of prejudice, we note that the trial court granted Riley a hearing on her motion to vacate the denial of her motion for new trial. In its order denying Riley's motion to vacate, the trial court found that the summary judgment denying the bill of review was

10

entered April 17, 2009. Riley's motion for new trial was filed May 28, 2009, and thus was denied as untimely filed.[13] We further note that the motion for new trial was uncontroverted; lacking contravention, there was no need for an evidentiary hearing. Finally, it was within the power of the trial court to have simply declined to rule on this motion, at which point it would have been overruled by operation of law on the seventy-sixth day after the judgment was signed. TEX. R. CIV. P. 329b(c). Further analysis of this point of error would require this Court to perform an independent review of the record and applicable law to determine the existence of error. We decline to stray from our role as a neutral adjudicator and recognize that an appellate court has no duty to make such an independent analysis to determine whether error exists. *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied). We overrule this point of error.

### C. Waiver of Additional Appellate Points

Riley has listed a number of additional appellate points. However, these issues were not briefed, and none of these issues contain citations to the record. Rule 38.1(i) of the Texas Rules of Appellate Procedure states that the appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). This requirement is not satisfied by merely uttering brief, conclusory statements unsupported by legal citations. *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso

---

[13]At the hearing on Riley's motion to vacate, Riley contends that she mailed the motion for new trial to the clerk in a timely fashion, but the mailing was returned to her. Riley then sent the motion for new trial via Federal Express to the office of the clerk.

2007, no pet.). Failure to cite legal authority or to provide substantive analysis of the legal issues presented results in waiver of the complaint. *Martinez v. El Paso County*, 218 S.W.3d 841, 844 (Tex. App.—El Paso 2007, pet. struck). Riley has failed to meet this requirement. Riley's brief consists largely of a series of points of error. These points of error are not briefed; they are simply restated within the body of the brief. These points of error are not accompanied by citations to authority, citations to the record, or substantive analysis of the legal issues presented.[14]

The law is well established that pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure. *Valadez*, 238 S.W.3d at 845. A pro se litigant is required to properly present its case on appeal, just as it is required to properly present its case to the trial court. *Martinez*, 218 S.W.3d at 844. If this were not the rule, pro se litigants would benefit from an unfair advantage over those parties who are represented by counsel. *Id*. Therefore, we cannot make allowances simply because a pro se litigant is not an attorney. *Foster v. Williams*, 74 S.W.3d 200, 202 (Tex. App.—Texarkana 2002, pet. denied). An appellate court has no duty to perform an independent review of the record and of the applicable law to determine whether there was error. *Strange*, 126 S.W.3d at 678. Were we to do so, we would be forced to abandon our role as neutral adjudicators and become an advocate. *See Plummer v. Reeves*, 93 S.W.3d 930, 931 (Tex. App.—Amarillo 2003, pet. denied).

Because the majority of Riley's brief fails to comply with the requirements of Rule 38.1(i)

---

[14]The majority of the points of error listed do not appear to directly complain of the summary judgment; rather, they complain of various trial court rulings made during the course of the litigation, with no apparent nexus to the summary judgment.

of the Texas Rules of Appellate Procedure, she has waived all appellate points she may have intended for this Court to address, with the exception of those points previously addressed in this opinion. *Valadez*, 238 S.W.3d at 845.

## IV. CONCLUSION

We determine that the trial court correctly granted Thigpen's motion for summary judgment. Further, we find no error (to the extent this issue was briefed) in the denial of Riley's motion for new trial. We conclude that Riley waived all additional appellate issues due to lack of compliance with Rule 38.1(i) of the Texas Rules of Appellate Procedure.

Accordingly, we affirm the judgment of the trial court.

Bailey C. Moseley
Justice

Date Submitted: January 19, 2010
Date Decided: January 28, 2010

13