

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00038-CV

_____

BRIAN A. SMALE, Appellant

V.

PAMELA ANN WILLIAMS, Appellee

On Appeal from the County Court at Law
Cass County, Texas
Trial Court No. CCL18C571

Before Morriss, C.J., Burgess and Stevens, JJ.
Opinion by Justice Stevens

O P I N I O N

Brian A. Smale, a beneficiary of the John and Gwen Smale Living Trust, sued trustee, Pamela Ann Williams, for an accounting of trust assets and asserted claims for breach of fiduciary duty and fraud for failing to list and distribute all trust assets. These claims have been repeatedly raised in three other lawsuits filed by Smale in other courts. *Smale v. Williams*, No. 06-18-00055-CV, 2019 WL 490136 (Tex. App.—Texarkana Feb. 8, 2019, no pet.) (mem. op.). Because these claims were compromised and settled in a previous lawsuit, Williams moved to dismiss Smale's petition under Rule 91a of the Texas Rules of Civil Procedure on grounds of res judicata.[1] *See id.* at \*1–2 (affirming another court's dismissal of Smale's claims under Rule 91a).

The trial court found that another court had previously dismissed Smale's petition asserting the same claims raised here after granting a similar Rule 91a motion filed by Williams and concluded that Smale's claims were barred by res judicata.[2] As a result, the trial court granted

---

[1] Williams also asked "that the Court find Brian A. Smale to be a Vexatious Litigant, just as he was so found by the Hon[.] Guy Herman, Senior Judge of the Probate Courts of Texas, when hearing a Motion for Recusal of the Judge Bonie [sic] Robison Probate County Judge of Denton County, Texas." Although Williams filed a petition for writ of mandamus complaining that Smale had been declared a vexatious litigant, this Court has not been able to recover any such order, and Smale's name is not on Texas' List of Vexatious Litigants Subject to a Prefiling Order. *See In re Smale*, No. 05-17-01466-CV, 2018 WL 360050, at \*1 (Tex. App.—Dallas Jan. 11, 2018, orig. proceeding) (mem. op.).

[2] "The doctrine seeks to bring an end to litigation, prevent vexatious litigation, maintain stability of court decisions, promote judicial economy, and prevent double recovery." *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007). It "prevents parties and those in privity with them from relitigating a case that a competent tribunal has adjudicated to finality." *In re C.M.L.*, No. 06-18-00091-CV, 2019 WL 2017263, at \*2 (Tex. App.—Texarkana May 8, 2019, pet. denied) (mem. op.) (citing *Ingersoll-Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 206 (Tex. 1999)). "Res judicata generally bars a claim or defense that, through diligence, could have been litigated in the earlier suit, but was not." *Id.* (citing *Ingersoll-Rand Co.*, 997 S.W.2d at 206–07; *Getty Oil v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 798 (Tex. 1992)). "Res judicata 'requires proof of the following elements: (1) a prior final judgment on the merits by a court of competent jurisdiction, (2) identity of parties or those in privity with them, and (3) a second action based on the same claims that were raised or could have been raised in the first action.'" *Id.* (quoting *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996)).

Williams' motion, dismissed Smale's petition, and awarded Williams $5,125.00 for attorney fees. Smale, appearing pro se, argues that the trial court erred in dismissing his lawsuit, awarding attorney fees against him, and denying his motion for new trial.

We find that the trial court properly granted the Rule 91a dismissal, that Smale failed to preserve his attorney fee complaint, and that his complaints about the trial court's ruling on his motion for new trial are waived. As a result, we affirm the trial court's judgment.

## I. The Rule 91a Dismissal Was Proper

"Dismissal is appropriate under Rule 91a 'if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought . . . [or] no reasonable person could believe the facts pleaded.'" *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam) (alteration in original) (quoting TEX. R. CIV. P. 91a.1). Whether the dismissal standard is satisfied depends "solely on the pleading of the cause of action." TEX. R. CIV. P. 91a.6. "We review the merits of a Rule 91a motion de novo because the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review." *Sanchez*, 494 S.W.3d at 724.

Smale's first point of error claims the trial court "abused discretion, committed fraud upon the court, and perverted the course of justice when [it] signed" the dismissal order. As best we can discern, Smale argues that the court erred in dismissing his case because (1) it did not rule within forty-five days of the motion's filing; (2) while it cites Rule 91a, the order does not specify whether it dismissed the case because Smale's claims had "no basis in law or in fact, or both"; (3) the trial court failed to rule on Smale's motions to compel discovery responses before dismissing his case;

3

(4) Smale was not able to present evidence in support of his claims because the dismissal hearing, at which he appeared, was moved from its original date to an earlier date; and (5) the trial court erred in determining Smale raised the same claims in front of other courts because (a) Williams "withheld the material fact that she is not the successor trustee of the John and Gwen Smale Living Trust . . . [(b)] she knew . . . . Plaintiff Smale had revoked his consent of the April 18, 2016[,] Mediated Settlement Agreement," (c) Smale's petition contains a new demand for accounting, and (d) local counsel allegedly misled the trial court when he stated a prior court had entered a final judgment on these previously settled claims.

As for Smale's first argument, Rule 91a.3(c) states that a motion to dismiss must be "granted or denied within 45 days after the motion is filed." TEX. R. CIV. P. 91a.3(c). However, "the 45-day period . . . is merely directory rather than mandatory." *Koenig v. Blaylock*, 497 S.W.3d 595, 599 (Tex. App.—Austin 2016, pet. denied). A plaintiff cannot show harm from the failure to follow the deadline, which is meant to "promote the orderly and prompt dismissal of baseless causes of action," because "a plaintiff would have more time to formulate a response to a dismissal argument, more time to amend a petition to add facts or adjust legal theories, and more time to consider whether to non-suit [a] case." *Id.* We resolve Smale's first argument against him.

Next, "[t]he Rules of Appellate Procedure require that the appellant's brief 'contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.'" *In re D.V.*, No. 06-16-00065-CV, 2017 WL 1018606, at *7 (Tex. App.—Texarkana Mar. 16, 2017, pets. denied) (mem. op.) (quoting TEX. R. APP. P. 38.1(i)). Smale cites no authority showing that the trial court was required to specify in its order whether the Rule 91a dismissal was

4

granted because Smale's petition had no basis in law or in fact, or both. Rule 91a does not require such specification in its order. Smale also fails to cite relevant authority showing that the trial court was required to rule on his motions to compel discovery before determining whether his claims were barred by res judicata.[3] We resolve Smale's second and third complaints against him.

In his fourth complaint, Smale argues that he was not able to present evidence concerning the merits of his case at the dismissal hearing. Smale did not raise this issue below. Moreover, "[e]xcept as required by 91a.7, the court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59." TEX. R. CIV. P. 91a.6. We resolve Smale's fourth complaint against him.

We now turn to Smale's remaining complaint, arguing that the trial court erred in determining Smale raised the same claims in front of other courts. "In conducting our review, we must construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact." *Koenig*, 497 S.W.3d at 599. Here, Smale's petition demanded an accounting from Williams and asserted breach of fiduciary duty and fraud for her failure to include two abbey crypts located at a Dallas-area cemetery in the inventory of trust assets filed with the Dallas Court. Smale's petition specifically stated that he had previously demanded an accounting and inventory in a Dallas County Probate Court and in the 5th Judicial District Court of Cass County, Texas, and showed that his breach of fiduciary duty and fraud claims were raised before.

---

[3]The trial court's dismissal moots Smale's complaints regarding his motions to compel discovery.

Smale's petition referred to the prior mediation and attached a supplemental accounting filed by Williams. The supplemental accounting listed the abbey crypts, demonstrated that Smale was aware of the crypts prior to the mediation, and showed that Smale had signed the mediation agreement. The petition said that a final judgment was entered after the mediation agreement was approved in the prior case. Smale's petition also showed that his claim that Williams "withheld the material fact that she is not the successor trustee of the John and Gwen Smale Living Trust" was raised in prior litigation. The issue of Smale's revocation of consent to the prior settlement was not raised in his petition and did not form the basis of any cause of action. Although Smale's petition contained a new demand for accounting, the petition showed that a supplemental accounting had been filed in a prior case and that two other courts had already addressed the substance of his demands. Thus, Smale's petition showed that local counsel did not mislead the trial court and that the court's application of the res judicata doctrine was correct. *See Smale*, 2019 WL 490136, at \*1 (discussing the history of claims filed by Smale against Williams); *McMillan v. Tally Two Inv. Grp., LLC*, No. 03-18-00550-CV, 2019 WL 3680130, at \*5 (Tex. App.—Austin Aug. 7, 2019, no pet.) (mem. op.) (When "[t]he pleadings on file, together with the pleading exhibits the trial court [is] permitted to consider, demonstrate that the [plaintiff's] suit was barred by res judicata and, consequently, had no basis in law . . . . , the trial court properly grant[s] [a defendant's] Rule 91a motion to dismiss."). We resolve Smale's fifth complaint against him.

Because we resolve all the complaints Smale has raised by his brief against him, we overrule his first point of error and conclude that the Rule 91a dismissal was proper.

6

## II.     Smale's Complaint About Attorney Fees Was Not Preserved

"[U]nder Rule 91a.7, titled 'Award of Costs and Attorney Fee Required,' except in actions involving the government, 'the court must award the prevailing party on the motion all costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action in the trial court.'"  *Smale*, 2019 WL 490136, at \*3 (quoting TEX. R. CIV. P. 91a.7) (citing *ConocoPhillips Co. v. Koopmann*, 547 S.W.3d 858, 880 (Tex. 2018)).  At the dismissal hearing, Williams' counsel testified in support of the trial court's attorney fee award.  Smale does not argue that the evidence was insufficient to support the award, but instead argues that the testimony was hearsay.

To preserve a complaint for our review, a party must first present to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling if not apparent from the context.  TEX. R. APP. P. 33.1(a)(1).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule.  TEX. R. APP. P. 33.1(a)(2).  Smale did not object to testimony from Williams' counsel on the ground of hearsay.  He also failed to raise this issue in his motion for new trial.  As a result, Smale did not preserve this point of error for our review.  It is overruled.

## III.     Smale's Complaints About the Denial of His Motion for New Trial Were Waived

In his last point of error, Smale argues that the trial court abused its discretion when it denied the motion for new trial without a response from Williams.  Even though the trial court entered findings of fact and conclusions of law showing why it granted the Rule 91a dismissal,

7

Smale argues that the trial court was required to "provide any dictum explaining facts or law in his order denying Smale a new trial." We overrule these complaints.

A brief must "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tᴇx. R. Aᴘᴘ. P. 38.1(i); *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010) (recognizing that "The Texas Rules of Appellate Procedure require adequate briefing"). "This requirement is not satisfied by merely uttering brief, conclusory statements unsupported by legal citations." *Matter of Marriage of Hudson*, No. 06-18-00011-CV, 2018 WL 4656288, at *4 (Tex. App.—Texarkana Sept. 28, 2018, no pet.) (mem. op.) (quoting *In re Estate of Taylor*, 305 S.W.3d 829, 836 (Tex. App.—Texarkana 2010, no pet.)). "The law is well settled that '[a] party proceeding pro se must comply with all applicable procedural rules' and is held to the same standards as a licensed attorney." *Paselk v. Rabun*, 293 S.W.3d 600, 611 (Tex. App.—Texarkana 2009, pet. denied) (quoting *Weaver v. E-Z Mart Stores, Inc.*, 942 S.W.2d 167, 169 (Tex. App.—Texarkana 1997, no pet.)).

Smale fails to cite any authority showing that the trial court was required to wait for a response from Williams before denying the motion for new trial or was required to issue new findings of fact or conclusions of law. "Failure to cite legal authority or to provide substantive analysis of the legal issues presented results in waiver of the complaint." *Hudson*, 2018 WL 4656288, at *4 (quoting *Taylor*, 305 S.W.3d at 836). Because we conclude that Smale's complaints about the denial of his motion for new trial were waived, we overrule his last point of error.

**IV.**     **Conclusion**

We affirm the trial court's judgment.


                                                     Scott E. Stevens
                                                     Justice

Date Submitted:      November 12, 2019
Date Decided:        November 13, 2019