

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00075-CV

_____

IN THE INTEREST OF A.K.P., D.G.P., AND K.L.P., CHILDREN

On Appeal from the 62nd District Court
Lamar County, Texas
Trial Court No. 87113

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

In this interlocutory appeal, Lieutenant (J.G.) Gregory K. Parsons, United States Navy, PDRL (Parsons), appeals the trial court's order granting the plea to the jurisdiction of the Office of the Attorney General of Texas (the OAG) and dismissing Parsons's claims against the OAG.[1] We affirm the trial court's order because Parsons failed to challenge all of the grounds upon which the trial court could have granted the OAG's plea to the jurisdiction.

## I.    Background

Parsons has received Veteran's Administration service-connected disability benefits (VA disability benefits) since 1989.   He has also received Social Security (SSA) disability benefits since 1990.  Parsons was married to Connie K. Copeland Parsons (Copeland) from 1993 to 2003, and the couple had three children, A.K.P., D.G.P., and K.L.P.  Subsequent to their divorce, Parsons was ordered to pay child support on behalf of the children to the OAG's Texas Child Support Disbursing Unit.

In June 2009, the 196th Judicial District Court of Hunt County (the Hunt District Court) entered an order that increased Parsons's court-ordered child support.  The Hunt District Court included Parsons's VA disability benefits in calculating his net resources for the purpose of determining Parsons's child support liability.[2]   Apparently, in October 2009, Copeland and the

---

[1]Since the OAG is a state agency, we have jurisdiction to consider an interlocutory appeal of the grant of its plea to the jurisdiction.  TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.014(a)(8) (Supp.), 101.001(3)(A).  Although the trial court's order recites that it is a "FINAL JUDGMENT," it is clear from the order that it only dismisses Parsons's claims against the OAG.  Further, the record affirmatively shows that the order did not dispose of Parsons's claims against any other party.  *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001).

[2]*See* TEX. FAM. CODE. ANN. § 154.062(b)(5).

OAG made a request to the VA Regional Office in Waco for an apportionment of Parsons's VA disability benefits on behalf of A.K.P., D.G.P., and K.L.P. That request was denied in April 2009.

In 2010, the case was transferred to the 395th Judicial District Court of Williamson County (the Williamson District Court), which then acquired continuing, exclusive jurisdiction.[3] After the transfer, that court entered orders in July 2010, April 2012, and June 2012 modifying Parsons's court-ordered child support. In entering each of those orders, the Williamson District Court included Parsons's VA disability benefits in calculating his net resources for the purpose of determining Parsons's child support liability. Parsons did not appeal any of the modification orders entered by the Hunt and Williamson District Courts. Also, it is undisputed that Parsons was served with notice of the petitions requesting modification and of the hearings on the petitions and that he appeared, personally and through counsel, at several of the hearings.

On December 19, 2017, Parsons filed this suit in the 62nd Judicial District Court of Lamar County (the Lamar District Court) against Copeland and the OAG. Parsons sought a declaration that the modification orders entered by the Hunt and Williamson District Courts were void, alleging that since the VA regional office had denied Copeland's apportionment request, those courts were barred from considering his VA disability benefits in determining his child support liability. Parsons also sought an injunction barring the OAG from enforcing the orders and compensatory and exemplary damages from Copeland and the OAG for their roles in seeking the modification orders and enforcing the same.

---

[3]*See* TEX. FAM. CODE. ANN. § 155.206(a).

On June 17, 2019,[4] the OAG filed its plea to the jurisdiction asserting three grounds: (1) sovereign immunity barred Parsons's claims against the OAG, (2) the Williamson District Court had exclusive, continuing jurisdiction since Parsons was attempting to modify that court's child support orders, and (3) Parsons's claims against the OAG were moot.[5] In response, Parsons filed his motion for leave to file an amended original petition and attached his amended original petition.[6] In addition, Parsons filed a response in opposition to the plea to the jurisdiction. After a hearing,[7] the trial court granted the OAG's plea to the jurisdiction, without stating the basis of its ruling, and dismissed all of Parsons's claims against the OAG.

## II. Parsons Failed to Challenge All of the Grounds

As stated above, the OAG asserted three grounds in support of its plea to the jurisdiction, but the trial court did not state on which ground or grounds it granted the plea and dismissed the claims against the OAG. When a plea to the jurisdiction "asserts several grounds and the trial court does not specify on which ground the [plea] was granted, an appellant must show that each independent ground is insufficient to support" the order. *Alford v. Thornburg*, 113 S.W.3d 575,

---

[4]The VA removed this case to federal court in January 2018. After the VA was dismissed on the basis of immunity, the case was remanded to the Lamar District Court on December 21, 2018.

[5]The VA attached the declaration of the managing attorney for the Pflugerville Child Support Office showing that child support had ceased to be payable as of August 3, 2018, since all of the children were emancipated on that date, and that Parsons had made his last payment due on accumulated arrears on December 3, 2018.

[6]In his amended original petition, Parsons reasserted his claims against Copeland and the OAG, added additional claims against those parties, and asserted a number of claims against the State of Texas, Greg Abbott, Ken Paxton, several employees of the OAG, and his former attorneys. It is unclear whether these additional defendants have been served with citation.

[7]In his brief, Parsons complains that the trial court did not consider his amended petition, which he contends cured any deficiencies in his original petition. However, Parsons advised the trial court of the filing of his amended petition at the hearing on the plea to the jurisdiction, and the trial court took judicial notice of the pleadings in its file. Consequently, we find that this complaint is without merit.

4

582 (Tex. App.—Texarkana 2003, no pet.) (citing *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000)); *St. John Missionary Baptist Church v. Flakes*, 547 S.W.3d 311, 314 (Tex. App.—Dallas 2018, pet. filed).

On appeal, Parsons challenged only the second ground, i.e., that the Williamson District Court had exclusive, continuing jurisdiction.[8] When an appellant fails to challenge an "alternate basis for the appealed order, any error in the challenged basis for the order is rendered harmless." *Estate of Purgason v. Good*, No. 14-14-00334-CV, 2016 WL 552149, at *2 (Tex. App.—Houston [14th Dist.] Feb. 11, 2016, pet. denied) (mem. op.) (citing *Riley v. Cohen*, No. 03-08-00285-CV, 2009 WL 416637, at *1 (Tex. App.—Austin Feb. 19, 2009, pet. denied) (mem. op.)). Consequently, "[i]f the appellant fails to challenge all possible grounds, we must accept the validity of the unchallenged grounds and affirm the adverse ruling." *Flakes*, 547 S.W.3d at 314 (citing *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970)); *Lodhi v. Haque*, No. 04-18-00917-CV, 2019 WL 5765787, at *8 (Tex. App.—San Antonio Nov. 6, 2019, no pet.) (mem. op.).[9]

---

[8]In his argument supporting his first issue, Parsons maintains that his submitted evidence shows that the previously unchallenged child support orders entered by the Hunt and Williamson District Courts were void and, therefore, that he could collaterally attack the orders in the Lamar District Court. The three other issues asserted in Parsons's brief either go to the merits of his claims or complain of the alleged dismissal of his claims against the other defendants. As we previously noted, the trial court's order only dismissed Parsons's claims against the OAG, so this last issue is without merit. Further, since there has been no final judgment entered on Parsons's claims against the other defendants, we do not have jurisdiction to consider these issues. *See* TEX. CIV. PRAC. & REM. CODE. ANN. § 51.012.

[9]Although Parsons is representing himself, he is held to the same standards as a party represented by counsel. *In re Estate of Taylor*, 305 S.W.3d 829, 837 (Tex. App.—Texarkana 2010, no pet.). "A pro se litigant is required to properly present its case on appeal, just as it is required to properly present its case to the trial court." *Id*. (citing *Martinez v. El Paso County*, 218 S.W.3d 841, 844 (Tex. App.—El Paso 2007, pet. struck). Were the rule otherwise, pro se litigants would have an unfair advantage over litigants represented by counsel. *Id*. Further, "[a]n appellate court has no duty to perform an independent review of the record and of the applicable law to determine whether there was

5

After the OAG pointed out these deficiencies in Parsons's brief, Parsons filed a reply brief in which he contended that the trial court erred in granting the plea to the jurisdiction on the grounds of mootness and sovereign immunity. However, an appellant may not raise an issue in a reply brief that was not raised in its original brief. *Tipps v. Chinn Expl. Co.*, No. 06-13-00033-CV, 2014 WL 4377813, at \*4 (Tex. App.—Texarkana Sept. 5, 2014, pets. denied); (citing TEX. R. APP. P. 38.3). Issues raised for the first time in a reply brief are waived, and we need not consider them. *Id.* Since Parsons did not raise these issues in his original brief, they have been waived.

Because Parsons failed to challenge all the grounds upon which the trial court could have granted the OAG's plea to the jurisdiction, we must accept the validity of the unchallenged grounds and affirm the trial court's judgment. *See Malooly Bros.*, 461 S.W.2d at 121; *Flakes*, 547 S.W.3d at 318. Consequently, even if the trial court erred in granting the plea to the jurisdiction based on the continuing, exclusive jurisdiction of the Williamson District Court, any error was harmless. *See Estate of Purgason*, 2016 WL 552149, at \*2. We overrule Parsons's sole issue.

error." *Id.* (citing *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied)). To do so would require us to abandon our role as neutral adjudicators and become an advocate for the pro se litigant. *Id.*

6

## III. Disposition

We affirm the trial court's order granting the OAG's plea to the jurisdiction and dismissing Parsons's claims against the OAG.

Ralph K. Burgess
Justice

Date Submitted:    January 2, 2020
Date Decided:    January 29, 2020