**Opinion issued February 19, 2026**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00514-CV

———————————

**DAVID AND REBECCA BOWEN, Appellants**

**V.**

**TEXAS FAIR PLAN ASSOCIATION, Appellee**

---

**On Appeal from County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Case No. 1186051**

---

## MEMORANDUM OPINION

Appellants David and Rebecca Bowen challenge the trial court's order granting appellee Texas Fair Plan Association's ("TFPA") no-evidence motion for summary judgment on the Bowens' claims arising from an insurance coverage dispute. In two issues, the Bowens contend that the trial court erred in (1) striking

expert testimony because a de-designated expert may still testify in summary judgment proceedings if there is no prejudice to the opposing party and (2) granting summary judgment in favor of TFPA.

We affirm.

## Background

In June 2022, following the denial of their homeowners' insurance claim, the Bowens filed suit against TFPA asserting causes of action for breach of contract, violations of Chapters 541 and 542 of the Texas Insurance Code, common law breach of the duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act ("DTPA"),[1] common law fraud, and conspiracy. The Bowens attached their expert witness designations, which included Richard Gadrow, an estimator, and Bob Barton, an appraiser, to their petition.

TFPA answered, generally denying the allegations and asserting specific denials, reservations, and several affirmative defenses.

TFPA moved for no-evidence summary judgment, asserting that there was no evidence of one or more of the essential elements of the Bowens' claims for breach of contract, violations of Chapters 541 and 542 of the Texas Insurance Code, DTPA violations, common law breach of the duty of good faith, common

---

[1] *See* TEX. BUS. & COMM. CODE ANN. §§ 17.41–.63.

law fraud, and conspiracy. TFPA further asserted that, without a breach of contract, the Bowens could not maintain their extracontractual causes of action.

The Bowens responded to TFPA's no-evidence motion, arguing that summary judgment was improper because an adequate time for discovery had not passed and more than a scintilla of evidence existed as to each challenged element of their claims against TFPA. They attached copies of their appraisal notice and demand, appraiser designation, Gadrow's affidavit, Barton's declaration, their original petition and disclosures, notice of trial setting, their amended discovery responses, their insurance policy, and the curriculum vitae of Jeff Gish, a forensic engineering investigator, as summary judgment evidence.

TFPA filed a supplement to its no-evidence summary judgment motion, asserting that the Bowens' deposition testimony established that they did not have any extracontractual claims against TFPA. It attached excerpts from the Bowens' deposition transcripts to its supplemental motion.

TFPA filed objections and supplemental objections to the Bowens' summary judgment evidence. TFPA asserted that Gadrow, whom the Bowens had formerly designated as an expert witness, was not included in the Bowens' first amended designation of expert witnesses served on TFPA. TFPA argued that because Gadrow was no longer a designated expert, the expert testimony he provided in his affidavit ("Exhibit C") should be stricken and he should not be permitted to testify.

3

TFPA asserted that, despite multiple attempts to depose Gadrow, it had not been able to do so because, according to the Bowens, he was too ill to be deposed. It asserted that had it been able to depose him, it would have had an opportunity to challenge Gadrow's conclusions. Thus, TFPA argued, it was prejudiced by the inability to depose Gadrow and objected to his affidavit on that basis.

TFPA also objected to Barton's declaration. It asserted that Barton, like Gadrow, had been previously designated as an expert witness but was later omitted from the Bowens' amended expert designation. Because he was no longer a designated expert, his declaration ("Exhibit D") should also be stricken from the record. TFPA requested that its initial and supplemental objections be sustained and that the objected-to exhibits be stricken from the summary judgment record.[2] The Bowens did not file a response to TFPA's objections or supplemental objections to their summary judgment evidence.

The trial court held a hearing on TFPA's no-evidence motion for summary judgment on June 13, 2023. TFPA objected to Gadrow's affidavit on the grounds that (1) Gadrow was no longer a designated expert and was therefore not permitted to testify, (2) TFPA was unable to depose Gadrow due to his illness and would be prejudiced if he were allowed to testify at trial, (3) the affidavit was conclusory, and (4) the affidavit did not list Gadrow's qualifications or describe the

---

[2] The Bowens' amended designation listed Mark Earl and Michael Ogden as their expert witnesses.

methodology he used to reach his opinions. TFPA objected to Barton's declaration because Barton was no longer designated as an expert witness and his declaration did not list his qualifications or set out the methodology he used to reach his opinion. TFPA objected to the Bowens' remaining summary judgment exhibits as follows: (1) the Bowens' demand letter and invocation of appraisal ("Exhibit A") was irrelevant because it provided no evidence to support any of their claims and was not authenticated; (2) TFPA's acknowledgement of appraisal ("Exhibit B") was irrelevant and unauthenticated; (3) the Bowens' original petition ("Exhibit E") was not proper summary judgment evidence; (4) the notice of trial setting ("Exhibit F") was irrelevant and not authenticated; (5) the Bowens' discovery responses ("Exhibit G") could not be used by them as summary judgment evidence and were not verified; (6) the Bowens' homeowner's policy issued by TFPA ("Exhibit H") provided no evidence to support any of the Bowens' claims and was not authenticated; and (7) the curriculum vitae of Gish ("Exhibit I") provided no evidence to support any of the Bowens' claims and was not authenticated.

At the conclusion of the hearing, the trial court sustained TFPA's objections to Exhibits A through I and granted summary judgment in favor of TFPA on all the Bowens' claims against it. On June 15, 2023, the trial court entered its written orders (1) sustaining TFPA's objections to Exhibits A through I and striking them from the summary judgment record and (2) granting TFPA's no-evidence motion

5

for summary judgment on the Bowens' claims and ordering that they take nothing on their claims against TFPA.

This appeal followed.

## Summary Judgment

In their first issue, the Bowens assert that the trial court erred in striking their summary judgment exhibits from the record. In their second issue, they assert that the trial court's error in excluding Gadrow's and Barton's expert testimony caused them to lose the case, and summary judgment was improper. Because these issues are interrelated, we address them together.

### A. Standard of Review

We review a trial court's decision to grant a motion for summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). After an adequate time for discovery, a party may move for no-evidence summary judgment on the ground that no evidence exists of one or more essential elements of the claim on which the adverse party bears the burden of proof at trial. TEX. R. CIV. P. 166a(i); *see LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688 (Tex. 2006). The burden then shifts to the nonmovant to produce evidence raising a genuine issue of material fact on the elements specified in the motion. TEX. R. CIV. P. 166a(i); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). A no-evidence summary judgment is improper if the nonmovant brings forth more than

6

a scintilla of probative evidence to raise a genuine issue of material fact. *Forbes, Inc. v. Granada Bioscis., Inc.*, 124 S.W.3d 167, 172 (Tex. 2003). "Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact." *Id.* (internal quotations omitted). "More than a scintilla exists if it would allow reasonable and fair-minded people to differ in their conclusions." *Id.* Unless the nonmovant raises a genuine issue of material fact, the trial court must grant summary judgment. TEX. R. CIV. P. 166a(i).

A party who files a no-evidence summary judgment motion pursuant to Texas Rule of Civil Procedure 166a(i) essentially requests a pretrial directed verdict. *Mack Trucks*, 206 S.W.3d at 581. We review the evidence presented by the summary judgment record in the light most favorable to the party against whom summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Id.* at 582.

**B. Summary Judgment Exhibits**

In their first issue, the Bowens challenge the trial court's ruling sustaining TFPA's objections and supplemental objections to the following summary judgment exhibits and striking them from the record:

- Exhibit A – Demand Letter and Invocation of Appraisal

7

- Exhibit B – TFPA's Acknowledgment of Appraisal

- Exhibit C – Affidavit of Gadrow

- Exhibit D – Declaration of Barton

- Exhibit E – Original Petition and Disclosures

- Exhibit F – Notice of Trial Setting

- Exhibit G – The Bowens' Discovery Responses

- Exhibit H – Homeowner's Policy

- Exhibit I – Curriculum Vitae of Gish

## 1. Inadequate Briefing

In support of their assertion that the trial court erred in striking Exhibits A, B, and E through I, the Bowens state:

- Exhibit A: "Although [Exhibit A] was objected to by [TFPA] and . . . counsel for the Bowens did not articulate a basis for its admission[,] the fact that it invoked appraisal makes it relevant."

- Exhibit B: "The trial court excluded [Exhibit B] because it was not 'credible evidence' . . . even though there was no dispute as to the actual authenticity of it . . . . It was a statement by a party opponent even though it was not argued that it was admissible as such. The trial court should have let it in knowing that it was relevant to the appraisal."

- Exhibit E: "The original petition is accompanied by disclosures and it should come in for those reasons for the Court to measure the evidence against the petition and the disclosures should come in in order to determine whether [TFPA] was put on notice about their testimony."

- Exhibit F: "The trial setting was offered as evidence. . . . [Exhibit F] was not challenged by the [TFPA]. It remained in consideration."

- Exhibit G: "The amended discovery responses are offered as well."

- Exhibit H: "[TFPA] admits in its summary judgment motion that it had . . . a policy for the Bowens. . . . The trial court erred by keeping the policy out because [TFPA] admitted to this yet still objected on the basis that it was not properly authenticated."

- Exhibit I: "The trial court excluded this Exhibit."

Texas Rule of Appellate Procedure 38.1(i) requires that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). A failure to provide substantive analysis of an issue or cite appropriate authority supporting a complaint waives the complaint on appeal. *Marin Real Estate Partners, L.P. v. Vogt*, 373 S.W.3d 57, 75 (Tex. App.—San Antonio 2011, no pet.); *Cervantes-Peterson v. Tex. Dep't of Fam. & Protective Servs.*, 221 S.W.3d 244, 255 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.); *see also In re Est. of Taylor*, 305 S.W.3d 829, 836 (Tex. App.—Texarkana 2010, no pet.) (stating failure to provide substantive analysis of issue presented results in waiver of complaint on appeal).

Aside from general and conclusory statements, the Bowens provide no substantive analysis or argument, or citation to legal authority, to support their assertions that the trial court erred in sustaining TFPA's objections to Exhibits A, B, and E through I and striking them from the summary judgment record. *See* TEX. R. APP. P. 38.1(i); *Walker v. Eubanks*, 667 S.W.3d 402, 408 (Tex. App.—Houston [1st Dist.] 2022, no pet.) (concluding appellant waived issues on appeal from summary judgment where brief included no substantive argument, record references, or relevant citation to legal authority); *Borisov v. Keels*, No. 01-15-00522-CV, 2016 WL 3022603, at *2 (Tex. App.—Houston [1st Dist.] May 26, 2016, pet. denied) (mem. op.) (concluding plaintiff waived appellate issues where his brief did not include citations to either clerk's record or legal authorities); *In re Est. of Taylor*, 305 S.W.3d at 836 (stating failure to cite legal authority or to provide substantive analysis of issues presented results in waiver of complaint).

Having failed to comply with Texas Rule of Appellate Procedure 38.1(i), the Bowens waived their complaint about the trial court's striking of Exhibits A, B, and E through I due to inadequate briefing. *See, e.g.*, *Shaw v. Trinity Highway Prods., LLC*, 329 S.W.3d 914, 920 (Tex. App.—Dallas 2010, no pet.) (holding appellant's failure to adequately brief complaint that trial court erred in striking summary judgment evidence resulted in waiver of complaint on appeal); *Torres v.*

*GSC Enters., Inc.*, 242 S.W.3d 553, 559 (Tex. App.—El Paso 2007, no pet.) (concluding appellant waived complaint that trial court erred in striking his summary judgment evidence where he did not provide argument or authority supporting his contentions).

### 2. De-Designated Experts

The Bowens also assert that the trial court erred in excluding Exhibit C, Gadrow's affidavit, and Exhibit D, Barton's declaration, from the summary judgment record. According to the Bowens, Gadrow was a designated expert at the time TFPA filed its summary judgment motion, and they "accidentally" de-designated him in their amended expert designation.

At the summary judgment hearing, TFPA objected to Gadrow's and Barton's expert testimony on several grounds, including that the Bowens had de-designated them as experts and therefore their expert testimony was inadmissible. TFPA's counsel argued:

> Exhibit C is the affidavit of Richard Gadrow. You may recall, Judge, that Mr. Gadrow was someone who was designated as an expert by the plaintiffs, as an expert estimator and contractor. We tried to take his deposition a number of times. Plaintiff represented that he was too ill to testify. Ultimately, they said that he was too ill to ever testify.
>
> You let them replace him. So they de-designated him. They filed, on March 31st, a new designation of experts, leaving Mr. Gadrow off. That's filed with the Court. It should be chronologically March 31st. It's also attached to the supplemental objections we filed

11

last week. You can see their amended designation and see that Mr. Gadrow is not anymore listed as an expert witness.

Having delisted, de-designated him, his – he can't testify. His affidavit shouldn't be permitted.

. . . .

And by the way, I should note, Judge, that in accordance with the authority you gave them, they did designate someone in place of Mr. Gadrow, a gentleman named Mark Earl, but you don't see that they've produced anything for Mr. Earl. They have not submitted any testimony from Mr. Earl, which should tell you something about, you know, the merits of his testimony and positions in this case.

Exhibit D is the declaration of Bob Barton. Similar to the affidavit of Mr. Gadrow, Mr. Barton was the plaintiffs' appraiser in this case. He was also de-designated on March 31st. They dropped him from their designation. So the argument regarding de-designation applies to Mr. Barton, too.

Unlike Mr. Gadrow, you did not give them permission to designate somebody new in place of Mr. Barton. Nevertheless, they did. They designated somebody named Michael Ogden, I believe. I've never heard of him before. He's got no connection to this case. But, again, they did not submit any testimony from Mr. Ogden in this matter.

The Bowens' counsel did not dispute any of the representations by TFPA's counsel regarding the Bowens' de-designation of Gadrow and Barton and the designation of other experts in their place. Rather, in response to TFPA's argument, the Bowens' counsel noted that the case had begun in 2020, during "peak pandemic," that a "lot of people . . . were sick during that time," and "[t]he firm has done what they can to try to provide the experts, to replace them."

Later, when addressing Gadrow's and Barton's testimony, the trial court noted:

> So then let's go through C. And this is – C and D have to do with two individuals. We have an estimator, Mr. Gadrow, and then we have an appraiser, Mr. Barton, who have been – both been de-designated as experts.
>
> And the Court is aware of these circumstances. And that's why the Court did allow the plaintiffs an opportunity to designate a new expert.

The record does not support the Bowens' assertion on appeal that they accidentally de-designated Gadrow and Barton. Rather, it shows that the Bowens intentionally de-designated Gadrow and Barton and designated new experts in their place.[3] *See Jackson v. Takara*, 675 S.W.3d 1, 6 (Tex. 2023) (noting trial court may credit counsel's uncontested statements in open court as support for determination about state of discovery in case).

The Bowens next assert that their de-designation of Gadrow and Barton as experts should be treated the same as a failure to supplement an expert designation.

Litigants must disclose the identity of each testifying expert, the subject matter of their testimony, and the expert's general impressions and opinions. *See*

---

[3] The record does not show that the Bowens ever re-designated Gadrow or Barton as expert witnesses or sought a continuance during the summary judgment hearing to do so. *See* TEX. R. CIV. P. 193.6(c) (stating even if party seeking to call untimely designated witness fails to carry burden to show good cause or lack of unfair prejudice, trial court may grant continuance to allow response to be made, amended, or supplemented, and to allow opposing parties to conduct discovery regarding any new information presented by that response).

TEX. R. CIV. P. 195.5(a).  The duty to amend or supplement the disclosure "is governed by Rule 193.5."  TEX. R. CIV. P. 195.6.  That rule requires a party to amend or supplement its response "reasonably promptly after the party discovers the necessity for such a response."  TEX. R. CIV. P. 193.5(b).  A party who does not timely identify or disclose a witness may not call that witness at trial.  TEX. R. CIV. P. 193.6(a).  Where the expert's testimony will be excluded at trial on the merits, it will be excluded from a summary judgment proceeding.  *See Fort Brown Villas III Condo. Ass'n, Inc. v. Gillenwater*, 285 S.W.3d 879, 882 (Tex. 2009) (holding evidentiary exclusion under Rule 193.6 applies equally in trial and summary judgment proceedings).

To avoid the automatic exclusion, the proponent of the testimony must establish either that there was "good cause" for the failure to identify the witness in a timely manner or that the failure "will not unfairly surprise or unfairly prejudice the other parties."  TEX. R. CIV. P. 193.6(a).  The burden of establishing good cause or lack of unfair surprise or unfair prejudice is on the party seeking to call the witness.  TEX. R. CIV. P. 193.6(b).  We review a trial court's exclusion of an expert who has not been properly designated for an abuse of discretion.  *See Gillenwater*, 285 S.W.3d at 881; *Siana Oil & Gas Co. LLC v. White Oak Operating Co., LLC*, No. 01-21-00721-CV, 2022 WL 17981572, at *8 (Tex. App.—Houston [1st Dist.] Dec. 29, 2022, no pet.) (mem. op.).

14

The Bowens have cited no authority to support their assertion that the good cause or lack of unfair surprise exceptions to Rule 193.6's disclosure requirements apply when a party has affirmatively de-designated an expert witness and designated another in his place, nor are we aware of any. Further, even if the exceptions were applicable under such circumstances, the Bowens did not file a written response to TFPA's objections and supplemental objections to Gadrow's and Barton's testimony establishing either exception or argue at the summary judgment hearing that either exception applied.[4] *See Martin v. Ests. of Russell Creek Homeowners Ass'n, Inc.*, 251 S.W.3d 899, 903 (Tex. App.—Dallas 2008, no pet.) (concluding homeowners did not preserve complaint that trial court erred in sustaining homeowners' association's [HOA] objections to homeowners' summary judgment affidavit of damages expert where homeowners did not file response to HOA's objections before trial court sustained objections and only filed objection asserting good cause and lack of unfair prejudice after trial court issued its orders granting summary judgment and sustaining HOA's objections) (citing TEX. R. APP. P. 33.1(a)(1)(A)). The trial court did not abuse its discretion in excluding Gadrow's and Barton's expert testimony from the summary judgment record. *See*

---

[4]    In response to TFPA's assertion that its inability to depose Gadrow prejudiced TFPA, the Bowens' counsel argued that there was still time to conduct discovery and depose the expert witnesses. When the trial court asked, Well, how so?" because the case was set for a jury trial the following day, counsel replied, "[t]hat's what I was told to say."

15

*Gillenwater*, 285 S.W.3d at 882 (holding trial court's striking of affidavit of plaintiff's expert witness submitted in response to defendants' no-evidence summary judgment motion was justified as plaintiff failed to timely disclose his expert and satisfy his burden of establishing good cause or lack of unfair surprise or prejudice against defendants).

Because the Bowens did not bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact on any of their claims, we hold that the trial court properly granted summary judgment in favor of TFPA. *See Forbes*, 124 S.W.3d at 172.

We overrule the Bowens' first and second issues.[5]

### Rule 45 Sanctions

In its brief, TFPA asserts that the Bowens' appeal is frivolous warranting an award of just damages equal to the attorney's fees and expenses incurred by TFPA in connection with this appeal. *See* TEX. R. APP. P. 45.

Texas Rule of Appellate Procedure 45 authorizes an appellate court to award a prevailing party "just damages" for "frivolous" appeals. TEX. R. APP. P. 45; *Mailhot v. Mailhot*, 124 S.W.3d 775, 778 (Tex. App.—Houston [1st Dist.] 2003, no pet.). To determine whether an appeal is objectively frivolous, we review the

---

[5] In light of our conclusion, we need not consider TFPA's arguments that Gadrow's and Barton's testimony was inadmissible because they failed to show that Gadrow and Barton were qualified as experts and their affidavit testimony was conclusory. *See* TEX. R. APP. P. 47.1.

record from the advocate's viewpoint and decide whether the advocate had reasonable grounds to believe the case could be reversed. *Mailhot*, 124 S.W.3d at 778. We exercise prudence and caution and carefully deliberate before awarding appellate sanctions. *Smith v. Brown*, 51 S.W.3d 376, 381 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). Rule 45 does not require us to award damages in every case in which an appeal is frivolous. *R. Hassell Builders, Inc. v. Texan Floor Serv., Ltd.*, 546 S.W.3d 816, 833 (Tex. App.—Houston [1st Dist.] 2018, pet. dism'd). Instead, the decision to award damages falls within our discretion, and we will impose such damages only under egregious circumstances. *Id.*; *Durham v. Zarcades*, 270 S.W.3d 708, 720 (Tex. App.—Fort Worth 2008, no pet.). After reviewing the appellate record and briefing, we decline to award damages under Rule 45.

## Conclusion

We affirm the trial court's order.

Kristin M. Guiney
Justice

Panel consists of Justices Rivas-Molloy, Guiney, and Morgan.

17